By the Court.

The question, in this case, is, whether the defendant is liable to an action of assumpsit for neglecting to pay the sums assessed on the shares in the stock of the corporation, for which he became a subscriber. The answer to this inquiry must depend upon a construction of the writing which the defendant subscribed. Several cases of this kind have already been decided in this Court; and each of them on the force and effect of the engagement entered into. The general principle upon which they all rest is, that where the party makes an express promise to pay the assessments, he is answerable to the corporation upon such promise, and may be compelled to the performance of it by action at law. (a) Where, on the other hand, one, by subscribing the act of association, simply engages to become a proprietor of a certain number of shares, without promising to pay assessments, there the only remedy which the corporation has, is by sale of the shares to raise the sum assessed on them.
*In the subscription paper in this case, the subscribers divide the expense into five hundred shares, and each engages to take the number of shares affixed to his name. In our opinion, this cannot amount to any thing more than an agreement into how many shares the stock shall be divided, and to whom those shares shall belong. There is no express promise to pay, nor is any language used, from which the law can raise an implied promise. It may be observed, also, that this whole transaction passed before there had been any meeting of the corporation to authorize the receiving of subscriptions ; and on this ground, also, the paper cannot furnish evidence of a contract.
On the whole, it is our opinion that the plaintiffs have not maintained their action. The verdict must therefore be set aside, and, pursuant to the agreement of the parties, a general verdict entered for the defendant.

 [Salem Mill Dam Corporation vs. Ropes, 9 Pick, 187. — Taunton and South Boston Turnpike vs. Whitney, 30 Mass. 327, and note to 3d edition. — Ed.]