# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF HANCOCK,

# 1849.

Mem. — Howard, J. was attending jury trials at Washington county, and was not present at this term.

## South Bay Meadow Dam Company *versus* Thomas J. Gray.

In a suit brought in the name by which certain persons were incorporated into a company, the defendant may be estopped, by acts of his own performance, to deny the legal existence of the company.

It is not essential to the existence of a corporation, or to its right to maintain suits at law, that its clerk should have been sworn, or that he should have filed in the office of the register of deeds a certificate of his appointment.

Where there is nothing in the laws of the State or in the by-laws of the corporation, to limit the continuance in office of its clerk, the one properly chosen remains in office until another is chosen.

A corporation, authorized to hold real and personal estate, each to a limited amount, may lawfully make assessments upon its members to an amount exceeding the personal estate it was authorized to hold.

Where a corporation at its first meeting, voted the amount of each share in its stock, and that one of its members should solicit subscriptions, and the defendant subscribed for stock the same day, and there appeared to be no other subscription paper; it was held to be a proper authorization of the subscription.

A member of such a corporation cannot object to the payment of his subscription, on the ground that the Legislature, after he had subscribed, altered the act of its incorporation.

Although the share of a member may be liable to be sold by the Company, for the non-payment of assessments due upon it, yet an action may be maintained where there is an express promise to pay.

ASSUMPSIT, upon an instrument signed by the defendant, of the following tenor: — " We, the subscribers, severally promise the South Bay Meadow Dam Company, the sum of twenty-five dollars, for every share of stock set against our respective names, in such manner and proportions and at such times, as the directors thereof shall order, pursuant to an act entitled an act to incorporate the South Bay Meadow Dam Company, and the by-laws of said company." Against the name of defendant was written one share.

The case came before the Court upon an agreed statement of facts. The act incorporating the company was passed July 31, 1846. Among other things, it authorized the company to take, hold and possess any personal property, to an amount not exceeding three thousand dollars, and any real estate to an amount not exceeding fifty thousand dollars. The by-laws, and the records of the directors of said company, and the subscription paper were submitted to the Court.

The suit is brought to recover two assessments, one of $10, and the other of $15, made on the defendant's share.

The clerk of the company did not file in the office of the register of deeds for said county a certificate of his appointment, as required by chap. 76, § 3, R. S.

The assessments sued for were made known to the defendant, and demanded of him before the commencement of the suit.

The company had expended large sums in the erection of the dam, before the writ was sued out, and the defendant had on several occasions, signed memorials to the directors.

*B. W. Hinckley*, for plaintiffs.

*H. Williams*, for defendant.

SHEPLEY, C. J. — This action has been commenced to recover the amount of two assessments made upon one share of the capital stock of a company.

Meadow Dam Co. *v.* Gray.

The case is presented upon an agreed statement. It does not appear, that there are any pleadings in the case. If there have been, the parties may agree to present matters pleadable only in abatement, as objections to the plaintiff's right to recover. The rule is not therefore applicable, that the existence of the corporation is admitted by a plea to the merits.

Several objections to a recovery have been made. They are in substance : —

1. That there is no satisfactory proof of the existence of the corporation.

A charter was granted by an act of the Legislature, on July 31, 1846, to certain persons named. Any two of them were authorized to call the first meeting in the manner prescribed.

The certificate made by two of them, upon the back of a paper containing a notice, does not show that notice was given according to the provisions of the act. It appears, however, that there was in fact a meeting of members at the time and place designated in the notice, and that they chose a moderator and clerk, and voted to accept the act of incorporation. A paper for subscriptions to the stock appears to have been drawn, and the defendant subscribed it for one share. At an adjourned meeting he was chosen one of a committee of five to report by-laws for the corporation, and appears to have acted. He, with others representing themselves to be members of the corporation, subscribed four petitions or memorials addressed " to the directors of the South Bay Meadow Dam Company."

It is not necessary that the records of a corporation should exhibit a legal organization and acceptance of the act of incorporation. The existence of the corporation may be inferred from the exercise of its corporate powers. *Trott* v. *Warren,* 2 Fairf. 227 ; *Penobscot Boom Corporation* v. *Lamson,* 16 Maine, 224 ; *State* v. *Carr,* 5 N. H. 367 ; *Ameriscoggin Bridge* v. *Bragg,* 11 N. H. 102 ; *Middlesex Husbandmen* v. *Davis,* 3 Metc. 133.

It has been decided, that one, who makes a promissory note

or other engagement to a corporation, thereby admits its corporate existence. *Con. Society* v. *Perry,* 6 N. H. 164 ; *Williams* v. *Bank of Michigan,* 7 Wend. 540 ; *All Saints Church* v. *Lovett,* 1 Hall, 191 ; *Den* v. *Van Hauten,* 5 Halst. 270 ; *John* v. *Farmer's and Mechanic's Bank of Indiana,* 2 Blackf. 367.

The defendant in this case, by making a promise in writing to the corporation to pay for one share, by addressing to its directors four petitions, and by acting as one of committee to report by-laws for the corporation, has admitted its existence.

2. The second objection is, that the clerk of the corporation was not sworn, and that he did not file in the office of the register of deeds a certificate of his appointment required by statute, c. 76, § 3. Neither that statute, nor the act of incorporation requires, that the clerk should be sworn. His omission to file the certificate required, cannot affect the existence of the corporation, or its right to maintain this suit.

3. That there were no officers of the corporation except directors, when the assessments were made.

The statutes before noticed do not prescribe, what officers shall be chosen by the corporation. It is provided by statute, c. 76, § 1, that corporations shall have capacity " to elect in such manner, as they shall determine to be proper, a clerk and all other necessary officers." By the sixth article of the by-laws, the directors are authorized to appoint a secretary and treasurer, and to elect one of their number to act as president. The corporation having power to prescribe the manner, in which its officers shall be elected, may determine, that they shall be elected or appointed by its directors. At their meeting, holden on March 30, 1847, the directors made choice of a clerk and secretary, who are in their records stated to have been duly sworn. The corporation had also chosen a clerk, at its meeting holden on March 17, 1847. If by a correct construction of the by-laws, the directors were only authorized to choose a secretary for their own board, the clerk chosen by the corporation would continue in office, until another was appointed, there being no provision in the stat-

utes or by-laws to determine how long he should continue in office. *The Queen* v. *Corporation of Durham*, 10 Mod. 146 ; *People* v. *Runkel*, 9 Johns. 147 ; *McCall* v. *Byram*, 6 Conn. 428. The directors, at a meeting holden on March 17, 1848, chose a secretary of the company and a clerk of the directors, who are stated to have been duly sworn. The record of the proceedings of the directors in making the assessments, was made by their clerk, and the directors by the by-laws were authorized to make assessments.

4. That the amount of the assessments exceeded the amount of personal property, which the corporation was authorized to hold. It was authorized to hold real estate to an amount not exceeding fifty thousand dollars. It could not have been expected to obtain that amount of real estate without collecting from its members the means to acquire it. The act was not intended to prevent the assessment and collection of an amount exceeding three thousand dollars to be expended, but to prevent the corporation from retaining as capital more than that amount.

5. That the corporation has not authorized or ratified the subscription made to its stock.

At the first meeting, votes were passed, that twenty-five dollars be the amount of a share, and " that the moderator present the subscription paper to the owners of flats above Davis's narrows." The paper subscribed by the defendant bears date on the same day. There is no proof that any other subscription has existed. The subscription appears, therefore, to have been authorized by the corporation.

6. That the additional act, approved on August 10, 1848, increased the liability of the stockholders, and thereby relieved the defendant from the performance of his contract.

The act of incorporation was accepted, and the subscription was made, with a provision in the act, that it should be subject to all the duties and liabilities imposed upon corporations by the seventy-sixth chapter of the Revised Statutes. The twenty-third section of that chapter provides, that all acts of incorporation thereafter granted, shall at all times be liable to be

amended, altered or repealed at the pleasure of the Legislature. The defendant cannot therefore correctly allege, that his liability has been increased without his consent. He consented to such action of the Legislature by becoming a member of the corporation.

It is well settled, that an action can be maintained on an express promise to pay for a share or to pay an assessment upon it, although the share may be liable to be sold, to obtain such payment. *Turnpike Corporation* v. *Adams*, 8 Mass. 138; *Turnpike Co.* v. *Thorp*, 13 Conn. 173; *Glover* v. *Tuck*, 24 Wend. 153; *Herkimer Co.* v. *Small*, 21 *ib*. 273; 2 Hill, 127; *Selma and Tennessee Railroad* v. *Tipton*, 5 Ala. 787.

According to the agreement of the parties, the defendant is to be defaulted.