### SMITH *versus* POOR.

Of the proofs required to support an action on the money counts.

When a person draws an order in favor of another, it is a presumption of law, that the consideration for it was paid or secured at the time the order was drawn.

ON EXCEPTIONS from *Nisi Prius*, HOWARD, J., presiding.

ASSUMPSIT. The writ contained the common money counts, with a specification of the claims intended to be proved, and was tried under the general issue.

The plaintiff offered in evidence, an order of the following tenor:—

"Portland, June 29, 1850.

"To Treasurer of P. Gas L. Co. Please debit to my account under contract, two hundred dollars, and credit same to J. A. Poor's subscription of stock, and oblige

"F. O. J. Smith."

He also called the Treasurer of the Gas Co., who testified, that on the blotter or "journal" of the books of the company, under date of June 29, 1850, was this entry, "F. O. J. Smith Dr. to cash paid his order to John A. Poor,

on account of his contract with P. Gas L. Co., $200, "also "Cash Dr. to capital. John A. Poor, received of him on account of his two shares in full, on his order for the amount, in his favor of F. O. J. Smith, $200."

On the cash book was this entry, under the same date, "by F. O. J. Smith, paid order in favor of J. A. Poor, $200."

The witness also produced the original subscription book, in which it appeared that the defendant subscribed for two shares, and in the stock Leger he was credited on the day of the date of said order, "by stock, 2 shares, $200."

The treasurer also testified that he could not say that the order produced by plaintiff was the one he gave up to him on settlement as a voucher, but he had made search on his files, for one corresponding with this, but could find none.

The plaintiff rested his case, and on motion of the defendant, the presiding Judge ordered a nonsuit to be entered, and the plaintiff excepted.

*Smith*, in support of the exceptions.

The evidence is full, that the defendant was indebted to the Gas Company for two shares of the stock, for which he had subscribed to pay $200, and that the plaintiff paid that sum, by the order produced on trial.

It is a well established principle of law, that when the act done is beneficial to the other party, his subsequent assent will be sufficient evidence, from which the jury may find a previous request, and he will be bound accordingly. 2 Greenl. Ev. § 107.

So, where one has, with the assent and knowledge of another, paid a debt due from the latter to a third person, such assent is equivalent to an express promise by the debtor to the paying party, upon which an action of assumpsit will lie. *Emerson* v. *Baylies*, 19 Pick. 57.

Again. It is not necessary for the plaintiff to prove an *express* assent of the defendant, in order to enable the jury to find a previous request; they may *infer* it from his

knowledge of the plaintiff's acts, and his silent *acquiescence.* 2 Greenl. Ev. § 114, and cases there cited.

So, where no *express* order, or request has been given, it will, ordinarily, be sufficient for the plaintiff to show that he has paid money for the defendant, for a *reasonable cause,* and not *officiously.* 2 Greenl. Ev. § 114, and cases cited.

So, where one advances money for another's benefit, with his consent, the law implies a promise by the latter to reimburse the money so paid, and assumpsit lies to recover it. *Packard* v. *Leinow,* 12 Mass. 11.

And, *finally,* positive evidence is not necessary that the defendant has received money belonging to the plaintiff; but where, from the facts proved, it is a fair presumption that he has received it, the action is maintainable. *Tuttle* v. *Mayo,* 7 Johns. 132.

A count for money paid to B, by A, at request and for the use of C, is supported by proof of the sale of a bond by A to B, and that B credited C with the amount. *Jones* v. *Cook,* 3 Devereaux, 112, cited in U. S. Dig. vol. 1, p. 284, § 392.

The case thus finding that the plaintiff has paid this money for the use of the defendant, for a reasonable cause; that the defendant is in the enjoyment of the benefits of the payment; and the law implying therefrom a promise by the defendant to repay it, we say, the burthen of proof is and ought to be upon the defendant, to show that he has repaid it.

It is more reasonable, that the defendant should be held to this proof, as the case does not find that the order, which passed between the plaintiff and Gas Company, was ever in the defendant's possession.

*Barnes, contra.*

CUTTING, J. — Assuming as proved all the plaintiff contends for — *that* the Portland Gas Light Company was legally organized — *that* the plaintiff drew the order in favor of the defendant — *that* it was charged to the drawer and

credited to the drawee on the books of the company in payment of his subscription for two shares; still the plaintiff fails to sustain his declaration, on either of the money counts, for various reasons. He proves no privity of contract, either expressed or implied; there is no evidence, that the defendant ever knew or consented to any of the proceedings, or that he has since availed himself of the credit by any use or disposition of the shares. It does not appear, that the defendant was under any legal obligation to pay for his stock, or that any assessment could be collected, otherwise, than provided by statute for selling at public auction the shares of delinquent subscribers, which course, perhaps, under the circumstances, the defendant might have preferred to have been taken, and certainly he had an illustrious example, as disclosed, in the case of *New Bedford and Bridgewater Turnpike Corporation* v. *John Q. Adams*, 8 Mass. 138.

Another objection to the plaintiff's recovery is, the legal presumption, that when the order was drawn, it was given for an adequate consideration, paid or secured at the time, to remove which the burthen is on him. *Townsend, Ex'r,* v. *Derby*, 3 Met. 363. *Exceptions overruled and the nonsuit confirmed.*

SHEPLEY, C. J., and RICE and HATHAWAY, J. J., concurred.