[No. 10,361.]

# EX PARTE FRAZER.

BOARD OF MEDICAL EXAMINERS—POLICE POWER.—The State, in the exercise of the police power, may provide for boards authorized to examine persons seeking to be admitted to practice medicine, to be appointed by any citizen or citizens named.

ID. — CORPORATIONS — DESCRIPTIO PERSONÆ — CONSTITUTIONAL LAW. — The second section of the Act of April 3rd, 1876, "to regulate the practice of medicine"—as amended in 1878—confers the power of appointing Boards of Examiners upon the three named societies, which are said to be " existing corporations," but it does not confer this power upon them *as* corporations, and is therefore not in contravention of the provision of the late Constitution that corporations shall not be created by special laws. The words "existing corporations" are to be treated as merely *descriptio personarum.*

CONSTITUTIONAL LAW. — An unconstitutional provision in an act does not affect the validity of another provision in the same act, which is not obnoxious to the objection, unless the two provisions are so united that a presumption arises that the Legislature would not have adopted the one without the other.

APPLICATION for discharge on writ of *habeas corpus.*

Judgment was rendered in this case on the 1st day of October, 1878, remanding the prisoner, and a rehearing granted November 26th of the same year. The opinion originally filed was substantially the same as the one now reported. WALLACE, C. J., and RHODES, J., did not express an opinion.

The facts are stated in the opinion.

*J. R. Sharpstein, C. E. Travers, Alexander Campbell,* and *John W. Dwinelle,* (as *amicus curiæ*) for the Petitioner.

The law under which the petitioner was arrested seeks to confer upon three specified corporations special powers and privileges, which are not conferred upon all similar corporations. That this cannot be done by the Legislature is settled in the Spring Valley case, (48 Cal. 493) and the Waterloo Turnpike case, (51 Id. 381.)

The act provides for the payment of fees into the treasury of the medical societies. It gives not only a franchise of power, but of pecuniary profit. (Stats. 1875–6, p. 793, § 8.)

*Jarboe & Harrison, Taylor & Haight, Seth Robinson,* and *Marcus P. Wiggin,* for Respondent.

The State has a right, under its police power, to regulate occupations, and to prescribe the conditions under which they shall be exercised. (*Ex parte Andrews,* 18 Cal. 678 ; *Cohen* v. *Wright,* 22 Id. 293 ; *Ex parte Yale,* 24 Id. 244 ; *Met. Board of Excise* v. *Barrie,* 34 N. Y. 666–7 ; *People* v. *Erie Med. Soc.* 24 Barb. 570 ; *Slaughter-House Cases,* 16 Wall. 62 ; *Bradwell* v. *State,* Id. 142 ; *Bartemeyer* v. *Iowa,* 18 Id. 138 ; *Hewitt* v. *Charier,* 16 Pick. 354 ; *Com.* v. *Waite,* 11 Allen, 264 ; *Com.* v. *Tewksbury,* 11 Met. 55 ; Cooley on Con. Lim. 596.) The Legislature has the power to create offices, and appoint the officers in such mode as it may designate. (Con. § 6, art. 11 ; *People* v. *Provines,* 34 Cal. 541 ; *In re Bulger,* 45 Id. 553–557 ; Cooley Con. Lim. 115, note ; *Bridger* v. *Shallcross,* 6 W. Va. 590.) The designation of the societies *as corporations* is merely a description. It is unnecessary to discuss the right to collect fees. If the provisions of the act to this effect are unconstitutional, this does not vitiate the remainder of the act. (*Lathrop* v. *Mills,* 19 Cal. 530 ; *People* v. *Nally,* 49 Id. 482.)

In bank, McKINSTRY, P. J. :

It is argued by counsel for petitioner, that the Act of April 3rd, 1876, " to regulate the practice of medicine," as amended in 1878, (Laws 1877–8, p. 918) is *void,* because a violation of the provisions of the late Constitution : " Corporations may be formed under general laws, but shall not be created by special act."

The second section of the act confers the exclusive power to appoint Boards of Examiners upon three *medical societies,* and prohibits such appointment by any other corporation, society, person, or persons. The eighth section of the amendatory act makes it a misdemeanor for any person (except an appointee of one of the three societies named) to sign, seal, or issue a certificate purporting to authorize the practice of medicine.

It is claimed by petitioner, that the power to appoint is a franchise which the act attempts to confer upon the three named

incorporations, and which is not enjoyed by other medical socie-
ties incorporated under the general laws ; that the act is, there-
fore, violative of the provisions of the Constitution above recited,
as the same was construed in *San Francisco* v. *Spring Valley
Water Works*, 48 Cal. 493.

I. We shall assume that the State, in the exercise of the po-
lice power, may provide for boards authorized to examine
persons seeking to be admitted to practice medicine, to be ap-
pointed by any citizen or citizens named.

There is nothing in the language of the law to indicate tnat
it was the purpose to confer this power of appointment upon
the particular *corporations*. If it should be made to appear
that the societies named had never been incorporated, the power
of appointment would still remain to be employed by the *socie-
ties* or aggregations of individuals who had adopted the society
names mentioned in the act. The assumption of the power by
these individuals or societies would be the assumption of a pub-
lic duty, and the performance of the duty simply would not be
profitable or beneficial to them, as societies, nor, should they
happen to be incorporated, as private corporations. The second
section of the act confers the power of appointing Boards of
Examiners upon the three named societies, which are said to be
" existing corporations " ; but, as we have seen, this designation
does not oblige us to declare that it was intended to confer the
power of appointment on the three societies as corporations.
The words "existing corporations" may be treated as merely
" *descriptio personarum.*"

II. We need not inquire whether certain other portions of
the act are unconstitutional. This may be assumed, without
being decided.

The portions of the act thus *assumed* to be invalid are not
so connected with the rest as to render invalid any other por-
tion.

The title of the act sufficiently indicates its main purpose and
design. Its general framework shows that it was intended to
require, of those alone authorized to practice the profession, that
knowledge of pathology, anatomy, and physiology recognized
as necessary by every school of the science of medicine. The

portions of the act assumed to be unconstitutional are not insep-arably connected with, nor do they necessarily depend upon, other portions of the same act.  It is well settled, that if a provision, which is not obnoxious to objection, is found even in the same section with another, which is repugnant to the Con-stitution, the one in itself valid and complete must be sustained, unless the two are so united as that it must be presumed the Legislature would not have adopted the one without the other. (*People* v. *Nally*, 49 Cal. 482; *Robinson* v. *Bidwell*, 22 Id. 379; *Com.* v. *Hutchings*, 5 Gray, 485.)   The parts of the statute assumed to be unconstitutional, and those portions of it to which no such objection can be taken, are wholly independ-ent of each other, and the latter may be maintained and carried into effect, without reference to the former.   In such cases, the portions which are constitutional are not affected by the por-tions which are invalid.   (*Warren* v. *Mayor of Charlestown*, 2 Gray, 98; *French* v. *Teschemaker*, 24 Cal. 548.)

Our conclusion is, that by conferring the authority and impos-ing the duty of appointing Boards of Examiners on the three societies named in the act, and prohibiting the issuing of certifi-cates by others than the appointees of such societies, the Legis-lature did not exceed the limitation of its powers contained in the provision above quoted, and that it is unnecessary herein to express any opinion as to the other portions of the law, since, even if it be assumed that such other portions are unconstitu-tional, the remaining parts are stated independently, and of themselves contain a complete scheme for the examination of diplomas and applicants, and for the prohibition of certificates by others than those empowered by the act to issue them.

The petitioner must be remanded.   So ordered.

MORRISON, C. J., ROSS, J., THORNTON, J., and MYRICK, J., concurred.

SHARPSTEIN, J., being disqualified, took no part in the decision of this case.