[No. 16034.    Department Two.—January 21, 1896.]

## MATTHEW McGOWAN, Respondent, *v.* R. H. McDONALD, et al., Appellants.

Corporations — Banks — Liability of Stockholders — Constitutional Law.—The stockholders of a banking corporation organized under the constitution of 1849 could not be exempted by statute from individual and personal liability for any portion of its debts and liabilities; and section 27 of the act of April 11th, 1862, in so far as it attempted such exemption, is in conflict with section 36 of article IV of the constitution of 1849, and could have no validity or effect.

Id.—Validity of Incorporation—Independent Provisions of Statute. An unconstitutional exemption of the stockholder of a banking corporation from individual and personal liability, is an independent provision, not in its nature and connections essential to the general object and scope of the act of 1862 for the formation of banking corporations, and may be stricken out without prejudice to the other portions thereof, and does not vitiate the other portions of the act, or affect the validity of corporations formed under its provisions.

Id.—Power to Change Law as to Liability of Stockholders—Obligation of Contracts.—The constitution of 1849, having provided that all general laws and special acts for the formation of corporations might be altered from time to time or repealed, the legislature and the people of the state had power to change the law as to the liability of stockholders, without violating the provision of the constitution of the United States prohibiting the impairment of the obligation of contracts.

Id.—Change of Constitution—Civil Code—Incorporation Prior to Code.—A banking corporation organized under the law of 1862, is subject, as respects the liability of its stockholders, to the provisions of the new constitution of 1879, and also to the provision of the civil code on

that subject, although such corporation did not elect to continue its existence under the code.

ID.—LIABILITY OF STOCKHOLDERS OF SAVINGS BANKS—EXEMPTION—POWER OF LEGISLATURE.—Neither the constitution of 1849 nor the constitution of 1879 authorizes any exemption from personal and individual liability of the stockholders of savings banks; and it is beyond the power of the legislature to exempt them from such liability.

ID.—ACTION AGAINST STOCKHOLDERS—EVIDENCE—REFRESHING MEMORY OF DEPOSITOR FROM PASS-BOOK.—In an action against the stockholders of a banking corporation, to enforce their individual and personal liability for unpaid deposits, a depositor, testifying to the balance of account as a witness, may refresh his memory from the pass-book as to deposits made and amounts drawn out, where it appears that the entries of deposits were made in the presence of the witness and under his direction, and that the entries of the amounts drawn out were made under his direction, and that he knew at the time that the balance stated was correct.

ID.—ADMISSIBILITY OF PASS-BOOKS. — The pass-books of depositors, being admissible in evidence against the corporation, as proof of its indebtedness to the depositors, are also admissible in evidence in an action against the stockholders of the bank to enforce their individual and personal liability for the balance due upon such books.

ID.—CORPORATION AGENT OF STOCKHOLDERS—EVIDENCE—DECLARATIONS OF AGENT.—A corporation is the agent of its stockholders to make such contracts and incur such liabilities as are authorized by law and by its articles of incorporation; and its contracts thus made bind the stockholder as respects their individual liability for its indebtedness; and any admissions or declarations made by the corporation within the scope of its agency, and as part of the res gestœ, may be proved against the stockholders as principals.

ID.—SUSPENSION OF BANK—INTEREST ON BALANCE DUE DEPOSITORS.—Although ordinarily interest is not payable on the amount due when a bank pass-book is balanced; yet, when the bank has suspended business and refuses to pay its depositors, the amount of such balance is an account stated, and the bank thereafter detains moneys received to their use to the amount of such balance, and is liable for interest thereon.

ID.—OWNERSHIP OF STOCK—ADMISSION IN PLEADINGS—EVIDENCE.—Where the complaint alleges that the defendant was the owner of a specified number of shares of stock in the bank at all the times mentioned therein, and this allegation is not denied in the answer, the ownership of such stock when the debts in suit were contracted is admitted, and no evidence thereof is required.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. WILLIAM T. WALLACE, Judge.

The facts are stated in the opinion.

*Dunn & McPike,* for Appellants J. J. Bowen, C. W. Breyfogle, Paul R. Mabury and Uriah Wood; *Rosenbaum & Scheeline,* for Appellants H. G. Meyer and Simon Meyer; and *Sawyer & Burnett* for Appellants James M. McDonald and Charles F. Totl.

There is no liability of stockholders at common law. (*French* v. *Teschemacher,* 24 Cal. 518; *Green* v. *Beckman,* 59 Cal. 548; *Terry* v. *Little,* 101 U. S. 216; *Salt Tank Bank* v. *Hendrickson,* 6 Rep. 219.)   There was no self-enforcing liability of stockholders under the old constitution, and the matter of its enforcement was left to legislative discretion.   (*French* v. *Teschemacher, supra.*) Stockholders of banking corporations formed under the Act of 1862 were exempt from liability.   (Stats. 1862, p. 199.)   If the exemption was void, there is no corporation; but under the constitution of 1849 the legislature had discretion as to enforcing or not enforcing liability of stockholders, as shown by its contemporaneous exposition of that constitution, exempting stockholders of various corporations from liability; and contemporaneous exposition is the best.   (Civ. Code, sec. 3535; *People* v. *Fitch,* 1 Cal. 523, 532, 536; Laws 1850, p. 347; Laws 1851, p. 623; Laws 1812, p. 199; Laws 1866, p. 743; Laws 1870, p. 883; 1 Hittell's Gen. Laws, secs. 964, 1056.)   The Pacific Bank never having elected to continue under the code, the liability of its stockholders is to be determined by the law under which it was formed and not by the code.   (*Estate of Eastman,* 60 Cal. 308; *Larrabee* v. *Baldwin,* 35 Cal. 173; *Morrow* v. *Superior Court,* 64 Cal. 383.)   The constitution of 1879 is not self-executing as to liability of stockholders; nor is it to be construed retrospectively as applying to previously organized corporations.   (*Allbyer* v. *State,* 10 Ohio St. 588; *State* v. *Barbee,* 3 Ind. 258; *State* v. *Thompson,* 2 Kan. 432; *Slack* v. *Marysville etc. R. R. Co.,* 13 B. Mon. 1; *State* v. *Macon County Court,* 41 Mo. 453; Cooley's Constitutional Limitations, 62; *Matter of Lee etc. Bank,* 21 N. Y. 9; Black on Constitutional Prohibition, sec. 181;

*Ex parte Burke*, 59 Cal. 8; 43 Am. Rep. 231; *Gurnee* v. *Superior Court*, 58 Cal. 90.) The Pacific Bank was organized as a savings bank, and there is no relation of debtor and creditor between a savings bank and a depositor. (*Burke* v. *Badlam*, 57 Cal. 594; *In re Newark Sav. Inst.*, 28 N. J. Eq. 552.) The witnesses could not testify from the pass-books as to entries of amounts drawn out which were not made in their presence. (Code Civ. Proc., sec. 2047.) Nor were the books admissible in evidence against its stockholders. (*Neilson* v. *Crawford*, 52 Cal. 248, 249.) Interest could not be allowed, there being no provision of the statute for interest on a stockholder's liability. Interest can never be allowed unless provided for by statute. (*Flannery* v. *Anderson*, 4 Nev. 437; *Randall* v. *Greenhood*, 3 Mont. 506; *De Steiger* v. *Hannibal etc. R. R.*, 73 Mo. 33; *Atkinson* v. *A. & P. R. R. Co.*, 63 Mo. 367; *Warren County* v. *Klein*, 51 Miss. 807; *Hamer* v. *Kirkwood*, 25 Miss. 95; *Sammis* v. *Clark*, 13 Ill. 544; *Denver etc. R. R. Co.* v. *Conway*, 8 Col. 1; 54 Am. Rep. 437.)

*Roger Johnson*, for Respondent.

It was proper to allow the witnesses to refresh their memories from the pass-books, having had knowledge of their correctness, and the entries having been made under their direction. (1 Greenleaf on Evidence, sec. 436; Code Civ. Proc., sec. 2047.) The books were admissible in evidence against the stockholders to prove the indebtedness of the corporation. (*Mitchell* v. *Beckman*, 64 Cal. 117; *Borland* v. *Haven*, 37 Fed. Rep. 394; *Kennedy* v. *California Sav. Bank*, 97 Cal. 97; 33 Am. St. Rep. 163; *Evans* v. *Bailey*, 66 Cal. 112; Thompson on Stockholders, secs. 326, 327; Freeman on Judgments, sec. 177.) The stockholders of the Pacific Bank are liable for the debts of the bank. (Const. 1879, art. XII, sec. 3; *Bidwell* v. *Babcock*, 87 Cal. 32; *Kennedy* v. *California Sav. Bank*, *supra*.) Under the power to alter or repeal charters of corporations the present constitution binds the stockholders of all corporations. (*In re Em-*

*pire City Bank*, 18 N. Y. 199; *In re Reciprocity Bank*, 22 N. Y. 9; *Bailey* v. *Hollister*, 26 N. Y. 112; *In re Lee etc. Bank*, 21 N. Y. 9; *Sherman* v. *Smith*, 1 Black. 587; *Tomlinson* v. *Jessup*, 15 Wall. 454; *Sleeper* v. *Goodwin*, 67 Wis. 577; *Meadow Dam Co.* v. *Gray*, 30 Me. 551; *Oldtown etc. R. R. Co.* v. *Veazie*, 39 Me. 581; *Gardner* v. *Hope Ins. Co.*, 9 R. I. 194; 11 Am. Rep. 238; *Bidwell* v. *Babcock, supra; Sinking Fund Cases*, 99 U. S. 700; *Gray* v. *Coffin*, 9 Cush. 200; *Child* v. *Coffin*, 17 Mass. 64; *Schufeldt* v. *Carver*, 8 Ill. App. 545; *Fogg* v. *Sidwell*, 8 Ill. App. 551.) Contemporaneous exposition of the legislature cannot usurp the function of the judiciary. (3 Am. & Eng. Ency. of Law, 68, 242; *Knowles* v. *Yates*, 31 Cal. 88.) The Pacific Bank, having held itself out as a commercial bank, cannot claim to be a mere savings bank; but if so, its stockholders are not exempt from liability. (*Mitchell* v. *Beckman, supra; Kennedy* v. *California Sav. Bank*, 101 Cal. 495; 40 Am. St. Rep. 369.) Interest was properly allowed for money detained after a balance of account was ascertained. (Civ. Code, sec. 1917; *Mitchell* v. *Beckman*, 64 Cal. 117, 121.)

Belcher, C.—This action was brought to recover from the defendants, as stockholders of the Pacific Bank, their respective proportions of certain debts and liabilities of the bank, alleged to have been due and owing to depositors therein, and to have been assigned to the plaintiff.

The court below gave judgment for the plaintiff as prayed for, from which and from an order denying a new trial the defendants appeal.

It appears from the record that the Pacific Bank was incorporated in February, 1863, by the name of the "Pacific Accumulation Loan Company," and with a capital stock of five million dollars, divided into fifty thousand shares of the par value of one hundred dollars each, under the provisions of an act of the legislature of this state, entitled "An act to provide for the formation of corporations for the accumulation and

investment of funds and savings," passed April 11, 1862. (Stats. 1862, p. 199.) By this act corporations organized under it were authorized "to loan and invest the funds of the corporation, to receive deposits of money, and to loan and invest the same."

In March, 1866, an act was passed by the legislature, entitled "An act to authorize the Pacific Accumulation Loan Company to change its name" (Stats. 1865–66, p. 620), and thereafter, in April of that year, and in accordance with the provisions of the said act, the corporation changed its name to that of Pacific Bank.

In February, 1872, an act was passed by the legislature amending the act of April 11, 1862 (Stats. 1871–72, p. 132), and under and in pursuance of its provisions such proceedings were taken by the stockholders of the said corporation that the capital stock thereof was reduced to the sum of one million dollars, and its shares to the number of ten thousand, which said capital stock had theretofore been subscribed and paid up, and thereafter remained as the capital stock of the said corporation.

The Pacific Bank never elected to continue its existence under the provisions of the Civil Code, which took effect January 1, 1873, but continued to do business as a bank under the act of April 11, 1862, and subsequent acts amendatory thereof and supplementary thereto, until June 23, 1893, when, being insolvent, it closed its doors and suspended all business.

1. At common law no individual liability was imposed upon the members of a corporation, but article IV of the constitution of 1849 contained the following provisions:

" Sec. 32. Dues from corporations shall be secured by such individual liability of the corporators and other means as may be prescribed by law."

" Sec. 36. Each stockholder of a corporation or joint stock association shall be individually and personally liable for his proportion of all its debts and liabilities."

On the 22d of April, 1850, "An act concerning corporations" was passed by the legislature, which pro-

vided in section 32: "Each stockholder of any corporation shall be individually and personally liable for a portion of all its debts and liabilities, proportioned to the amount of stock owned by him." (Stats. 1850, p. 344.)

In 1853 an act "to provide for the formation of corporations for certain purposes" was passed, which provided in section 16: "Each stockholder shall be individually and personally liable for his proportion of all the debts and liabilities of the company contracted or incurred during the time that he was a stockholder, for the recovery of which joint or several actions may be instituted and prosecuted."

In *French* v. *Teschemacher*, 24 Cal. 518, it was held that section 36 of the constitution, above quoted, was not self-executing, and that legislation was necessary to give it effect. It was also held that neither of the statutory provisions above quoted was sufficient of itself to impose a liability, "yet, although neither by itself affords a perfect rule, the two combined contain what is omitted in the thirty-sixth section of the constitution, and is needed to give it a practical operation."

Section 322 of the Civil Code contains very full and complete provisions as to the liability of the stockholders of all corporations formed or doing business in this state for debts incurred while they were such stockholders, and as to the method of enforcing such liability.

And section 3 of article XII of the constitution of 1879 provides: "Each stockholder of a corporation, or joint stock association, shall be individually and personally liable for such proportion of all its debts and liabilities contracted or incurred during the time he was a stockholder, as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock, or shares of the corporation or association."

Appellants contend that they are not liable to the plaintiff in this case for any portion of the debts of the corporation, for the reason, 1. That by terms of the statute, under which the Pacific Accumulation Loan Company was organized, the stockholders of the corporation

were expressly exempted from such liability; and, 2. That, as the Pacific Bank never elected to continue its existence under the provisions of the Civil Code, the corporation was not affected by the provisions of the code in regard to corporations, and hence no liability was thereby imposed upon appellants.

The provision of the act of April 11, 1862, relied upon in support of the first point, is as follows:

"Sec. 27. Corporations formed under this act, and the members and stockholders thereof, shall not be subject to the conditions and liabilities contained in, and shall be exempt from, the operation of an act concerning corporations, passed April 22, A. D. 1850.'

But if by this section it was intended to declare that the stockholders of a corporation, formed under the provisions of the act, should not be individually and personally liable for any portion of its debts and liabilities, then the section was in plain conflict with section 36, article IV, of the constitution of 1849, and must be held to have had no validity or effect. For, as said in *French* v. *Teschemacher, supra,* "The individual liability of the stockholder is a constituent element in the artificial life of a corporation, made so by the author of its creation, and that life can no more exist under the constitution without the element than a natural person can exist when deprived of an element made indispensable to his existence by the laws of nature. Hence an act of the legislature, authorizing the formation of corporations, without attaching to the corporators an individual liability, would be as obnoxious to the constitution as would be the creation of a corporation by special act."

If, however, this be so, it is claimed that the whole act was rendered unconstitutional, and hence that the bank never had any corporate existence. But this does not follow. In *People* v. *Hill,* 7 Cal. 103, it was said: "That if some of the provisions of the bill are unconstitutional, this will not vitiate the whole act unless they enter so entirely into the scope and design of the law that it would be impossible to maintain it without such

obnoxious provisions." And in *Robinson* v. *Bidwell*, 22 Cal. 379, it was held that where a provision of a statute is of such a nature and has such a connection with the other parts as to be essential to the law, its unconstituality vitiates the whole enactment. But if an independent provision, not in its nature and connections essential to the law, be unconstitutional, it may be treated as a nullity, leaving the rest of the enactment to stand as valid. (See, also, *French* v. *Teschemacher*, *supra*, and *Ex parte Frazer*, 54 Cal. 94, where the same doctrine is announced.)

It is quite evident that the section of the act in question was an independent provision which did not enter into the general object and purpose of the act, and which might be stricken out without prejudice to the other portions thereof. It therefore did not vitiate the other portions of the act or affect the validity of corporations formed under its provisions.

The provision of the civil code relied upon in support of the second point is as follows:

"Sec. 288. No corporation formed or existing before 12 o'clock noon of the day upon which this code takes effect, is affected by the provisions of part IV of division I of this code, unless such corporation elects to continue its existence under it, as provided in section 287; but the laws under which such corporations were formed and exist are applicable to all such corporations, and are repealed subject to the provisions of this section."

By the constitution of 1849 each stockholder of a corporation was made personally liable for his proportion of all of its debts and liabilities, but to enforce such liability legislation was necessary. It was not, however, necessary that every act providing for the formation of corporations should also provide for the liability of their stockholders. A general law making such provisions would have have subserved all the purposes required. And while the liability of the stockholder was a constituent element in the life of the corporation, and necessary to its existence, it was still only a burden imposed

on the stockholder, and had otherwise nothing to do with the formation or existence of the corporation.

In *Market Street Ry. Co.* v. *Hellman,* 109 Cal. 571, it was held that the provisions of the Civil Code relating to corporations which did not affect and were not applicable to such corporations as were formed before the code took effect and had not· elected to continue their existence under it, were such only as related to the formation and existence of the corporations. Under this rule we think it must be held that section 322 of that code applies to the stockholders of corporations formed or doing business in this state before or after the adoption of the codes. Besides, our present constitution imposes the same liability, for, as said in *Bidwell* v. *Babcock,* 87 Cal. 32, section 322 of the Civil Code and section 3 of article XII of the constitution have " substantially the same meaning and effect."

It is objected, however, that if the provisions of the code and constitution are applicable they impose obligations upon appellants for which they were not liable when they became stockholders, and are in conflict with that provision of the constitution of the United States which inhibits the states from passing laws impairing the obligation of contracts, and are therefore as to them unconstitutional and of no effect.

The answer to this objection is that the constitution of 1849 provided: " Corporations may be formed under general laws, but shall not be created by special act, except for municipal purposes. All general laws and special acts passed pursuant to this section may be altered from time to time, or repealed. (Const., art. IV, sec. 31.)

Under the authority thus conferred both the legislature and the people had power to change the law in regard to the liability of stockholders, without violating any provision of the constitution of the United States.

In *In the Matter of Empire City Bank,* 18 N. Y. 199, a similar question arose. That was a proceeding to enforce a personal liability of stockholders for the debts

of the bank under an act passed after the bank was incorporated. The court, by Denio, J., said: "The statute under which the proceedings were had was challenged as being a violation of the constitution of the United States and of this state. By the federal constitution no state can rightfully enact a law impairing the obligation of contracts. It is argued that, by the general banking law, the associations which it authorizes are alone responsible for its contracts, the shareholders being wholly exempt from liability, and it is insisted that this is in the nature of a contract between the state and the shareholders, and that the constitutional guaranty of the integrity of contracts, in the national constitution, would be illusory if the state could, by changing its constitution, subvert all existing engagements; and hence that the guaranty applies as well to state constitutions as to other state laws. Without denying or affirming the soundness of these positions, it is enough to say that the general banking law expressly reserves to the legislature the power to alter or repeal it, so that any changes, which it or the people think proper to make, are fully authorized by the provisions of the supposed contract itself." See, also, the following cases, which are to the same effect: *In the Matter of Lee etc. Bank*, 21 N. Y. 9; *In the Matter of Reciprocity Bank*, 22 N. Y. 9; *Sleeper v. Goodwin*, 67 Wis. 577; *Tomlinson v. Jessup*, 15 Wall. 454; *Meadow Dam Co. v. Gray*, 30 Me. 551.

It is also objected that the Pacific Bank was originally organized for the purpose of doing business as a savings bank, and that the stockholders of such a bank cannot be held liable for its debts. But the provisions of the constitution of 1849 applied to the stockholders of all corporations, without regard to the character of the business, to be transacted, and the same is true of the constitution of 1879. It is not, therefore, within the power of the legislature or the courts to declare any such exemption as that here claimed. (And see *Mitchell v. Beckman*, 64 Cal. 117, and *Kennedy v. Savings Bank*,

101 Cal. 495, 40 Am. St. Rep. 369, where liability for deposits in savings banks was enforced.) If, however, the law were as it is interpreted by appellants, the objection could not be sustained, for the reason that it is alleged in the complaint, and not denied by the answer, that at all the times mentioned therein (within two years prior to the commencement of the action) " said bank was receiving deposits and doing a general banking business." And it was proved that since 1886 the bank had been advertising itself as a commercial bank by a printed statement on the front page of its by-laws, that it is " the oldest chartered commercial bank in California."

2. Appellants contend that the court committed several errors of law in its rulings upon the admission of evidence offered to establish the indebtedness of the Pacific Bank to the assignors of the plaintiff.

There are three such assignors and each had a bank-book. The left-hand page of these books showed the date and amount of each deposit, and the right-hand page showed the amount of each check paid by the bank, the number of checks returned, and the balance remaining due and unpaid to the depositor on each occasion when the balances were struck. The last balances were entered on the twenty-second day of June, 1893, and the amounts shown thereby to be then due to the depositors were the same as those alleged in the complaint. It was proved that all the entries on the left-hand page were made by the teller of the bank when the moneys were deposited and in the presence of the depositor, and were correct, and that all the entries on the right-hand page were made by a clerk of the bank when the books were handed in by the depositors from time to time to be balanced. It was also proved by each of the three depositors that when he received back his book he verified the entries made by comparing them with his own accounts, and in every instance found them correct; and each one, therefore, testified that he knew of his own knowledge that

the balance shown by the book was the correct amount due him. Neither of the witnesses could, however, state the amount of his deposits or of his drafts, or the balance due, without refreshing his memory by looking at his bank-book, and this, against the objection of defendants, he was permitted to do. The books were also offered, and, against the objection of defendants, admitted in evidence to prove the same facts.

Section 2047 of the Code of Civil Procedure provides: "A witness is allowed to refresh his memory respecting a fact by anything written by himself or under his direction at the time when the fact occurred, or immediately thereafter, or at any other time when the fact was fresh in his memory and he knew that the same was correctly stated in the writing."

It is claimed that this section did not authorize the witnesses to refresh their memories by looking at the books, but we think it did. The entries of his deposits were admittedly made in the presence of the witness and under his direction, and he knew at the time that they were correct. There can be no question, therefore, that as to them he could refresh his memory from the book. And the entries of the amounts drawn out were clearly made under the direction of the witness, for he handed in his book to have such entries made and the balance struck; and when the book was returned to him he checked it up from his own books and knew that the balance stated was correct. This was at a time when the matter was fresh in his memory, and when he knew that the same was correctly stated. In our opinion, therefore, the case comes fairly within the rule declared by the code, and there was no error in the ruling complained of.

It is also claimed that the pass-books were not admissible in evidence against the defendants, and in support of this position *Neilson* v. *Crawford*, 52 Cal. 248, is cited.

It is well settled by numerous decisions of this court that by the constitution and statutes of this state the

stockholders of a corporation organized therein are made
personally liable for their respective proportions of all
its debts and liabilities contracted while they are such
stockholders. Such liability arises when the debt is
incurred, and is primary and not secondary. In a suit
against a stockholder to enforce his liability the first
fact to be established is the indebtedness of the corpo-
ration, and when that is established the liability of the
stockholder results as a necessary sequence. It would
seem, therefore, that any evidence which is competent
and sufficient to show the liability of the corporation
must be competent and sufficient to show the liability
of the stockholder.

In *Borland* v. *Haven*, 37 Fed. Rep. 394, a case decided
by the United States circuit court for California, Saw-
yer, judge, the question arose as to the admissibility
and effect of evidence in a case like this, and on page
414 it was said, "that any evidence that is competent to
establish the liability, as against the corporation, must
be competent to establish the liability of the stockhold-
ers, for the liability of the corporation being established,
the liability of the stockholder for his share follows as
an inevitable legal consequence by the express terms of
the constitution and statute."

The case of *Neilson* v. *Crawford*, *supra*, relied on by
appellants, was an action to enforce the liability of the
defendants for their portion of the indebtedness of a
corporation of which they were stockholders. At the
trial, to prove such indebtedness, the plaintiff offered in
evidence the books of the corporation--its ledger, jour-
nal, book of resolutions and transfers. It was held on
appeal that while in an action against the corporation
for the recovery of a debt its books of account, showing
the existence of the indebtedness alleged, would be ad-
missible, because they are the admissions of the corpo-
ration entered by its servants, still they were inadmissible
in an action against the stockholders. And the court
said: "If an admission of indebtedness, made by a
corporation, be evidence of indebtedness in an action

against a stockholder, it is not perceived why a similar admission made by a stockholder should not be evidence in an action brought against the corporation, nor why an estoppel against the corporation—for instance, a judgment rendered—should not equally estop a stockholder to deny the fact of indebtedness in an action brought against him to enforce his proportionate liability."

That case is not in point here, for the reason that in this case the books of the bank were not offered, and the objection urged is only to the admissibility of the pass-books of depositors. But the pass-books were the books of the depositors and not of the bank. They showed the indebtedness of the bank as certificates of deposit would have shown it. Now suppose the assignors of plaintiff had held certificates of deposit, instead of pass-books, can there be any doubt that they would have been admissible? We think not.

Besides in *Kennedy* v. *California Sav. Bank*, 97 Cal. 93, 33 Am. St. Rep. 163, it was held that the legal effect of the condition prescribed by section 3 of article XII of the constitution of this state, regulating the individual liability of stockholders for debts contracted and liabilities incurred by the corporation, is that a corporation when created becomes the agent of its stockholders to make such contracts and incur such liabilities as are authorized by law and its articles of incorporation, and the contracts which it thus makes bind the stockholders to the extent named. If this be so, then the rule that the admissions of an agent, which are made while in the performance of his duty and are a part of the *res gestæ*, may be proved against the principal, must be applicable here. And see *Mitchell* v. *Beckman, supra,* where it was held that there was no error in admitting in evidence a judgment against the corporation for the purpose of establishing its indebtedness and the liability therefor of its stockholders.

We conclude, therefore, that the court below did not err in admitting the pass-books in evidence.

3. Some of the appellants object to the allowance of interest against them from the time of the suspension of the bank. But, as before stated, the pass-books were balanced and the accounts stated on the day before the suspension. Section 1917 of the Civil Code provides that interest is payable on all moneys " due on any settlement of accounts, from the day on which the balance is ascertained, and on moneys received to the use of another and detained from him." Ordinarily, of course, interest is not payable on the amount found due when a pass-book is balanced. But when a bank suspends business and refuses to pay its depositors it thereafter clearly detains moneys which it received to their use, and, under the provisions of the code, must be held liable for interest thereon.

4. The point is made that the evidence does not show that appellant Wood was a stockholder when the deposits were made. But the complaint alleges that Wood was the owner of two hundred and twelve shares of stock of the bank at all the times mentioned therein, and this allegation is not denied in his answer. His ownership of the stock was therefore admitted, and no evidence as to it was required.

The other points discussed by counsel do not require special notice.

The judgment and order appealed from should be affirmed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

   McFARLAND, J., TEMPLE, J., HENSHAW, J.

Hearing in Bank denied.