## FEARING v. GLENN.

(Circuit Court of Appeals, Second Circuit. March 12, 1896.)

1. LIMITATION OF ACTIONS—FEDERAL COURTS—STATE STATUTES.

Under Rev. St. § 721, state statutes of limitation are to be regarded as rules of decision in actions at law in the federal courts, unless otherwise provided by act of congress or treaty, although such statutes are expressly limited to actions brought in the courts of the state.

2. SAME—RESIDENTS OF OTHER STATES—NEW YORK CODE.

Under the New York statute (Code Civ. Proc. § 390), an action brought by a nonresident of the state against one who was a resident of Rhode Island at the time the cause of action accrued, and who has never since been a resident of New York, is governed by the statute of limitations of Rhode Island, as construed by the highest courts of that state.

3. SAME—RUNNING OF STATUTE—COMMENCEMENT OF ACTION.

By the statute of Rhode Island, an action is commenced, so as to stop the running of limitation, when the writ is issued, though it is not served until after the expiration of the limitation period. Hail v. Spencer, 1 R. I. 17, followed.

4. SERVICE OF PROCESS ON CORPORATIONS—WHO IS "CASHIER."

A mere employé in the office of a local agent of an express company is not a cashier of the company, within the meaning of a statute authorizing service to be made on the "cashier or treasurer" of a corporation.

5. CORPORATIONS—RESIGNATION OF DIRECTORS.

The Virginia statute giving stockholders authority in general meeting to remove any director and fill the vacancy, but providing that unless so removed the directors shall continue in office until the next annual meeting of the stockholders, "and until their successors shall be appointed," does not prevent a director from resigning at any time. Briggs v. Spaulding, 11 Sup. Ct. 924, 141 U. S. 132, followed.

6. SAME.

A director of an ordinary business corporation can resign orally or in writing unless there is some provision to the contrary in the charter or by-laws.

In Error to the Circuit Court of the United States for the Southern District of New York.

This is a writ of error by George R. Fearing, the defendant in the court below, to review a judgment entered upon the verdict of a jury rendered by the direction of the trial judge. The action was brought to recover of the defendant two assessments or judicial calls upon the stockholders of the National Express & Transportation Company, a corporation of the state of Virginia, ordered by decrees of the circuit court of Henrico, county, Va. The complaint proceeded upon two causes of action, the first being founded upon the call ordered December 14, 1880. The defendant, among other defenses, interposed that of the statute of limitations. Another issue litigated upon the trial was whether the Virginia court by whose decrees the assessments were ordered acquired jurisdiction of the action in which the decrees were made. Upon the trial the defendant requested the court to direct a verdict in his favor, as to the first cause of action, upon the ground that it did not accrue within six years before the commencement of the action. This request was refused, and thereupon the defendant requested to go to the jury upon several propositions of fact involved in the question whether the Virginia court acquired jurisdiction in the action. The trial judge refused these requests, and directed the jury to find for the plaintiff in both causes of action.

Joseph H. Choate (George Zabriskie and George W. Wickersham, of counsel), for plaintiff in error.

Burton N. Harrison (Arthur H. Masten, of counsel), for defendant in error.

Before PECKHAM, Circuit Justice, and WALLACE and SHIP-MAN, Circuit Judges.

WALLACE, Circuit Judge (after stating the facts as above). The statute of limitations was not a bar to a recovery on the first cause of action.    It is not disputed that the cause of action accrued, and the statute of limitations began to run, at the time of the assessment or judicial call ordered by the decree of the Virginia court, which, as to the first cause of action, was December 14, 1880.    The defendant at that time resided in the state of Rhode Island, and since 1872 has not been a resident of New York; and the action, not having been brought by a resident of this state, should have been commenced within the time limited for bringing like actions by the law of Rhode Island.    This is the rule of limitation prescribed by the statute of this state which provides that "where a cause of action   *   *   *   accrues against a person, who is not then a resident of the state, an action cannot be brought thereon in a court of the state against him or his personal representatives, after the expiration of the time limited by the laws of his residence for bringing a like action, except by a resident of the state." Code Civ. Proc. § 390.    By the laws of Rhode Island, actions founded upon causes of action like the present must "be commenced and sued within six years next after the cause of such action shall accrue, and not after." Gen. Laws 1896, p. 810.    The writ in the present action was issued, and placed for service in the hands of the United States marshal for the Southern district of New York, December 4, 1886, and was not served upon the defendant until December 16, 1886, two days after the expiration of six years from the time when the cause of action accrued.

It has long been settled that the courts of the United States, in the absence of legislation upon the subject by congress, recognize the statutes of limitations of the several states, and give them the same construction and effect which are given by the local tribunals. In McCluny v. Silliman, 3 Pet. 270, it was held that this rule was a necessary consequence of the provision of the judiciary act of 1789 (now section 721 of the Revised Statutes) that the laws of the several states shall be regarded as rules of decision in trials at common law in the courts of the United States, except where treaties or acts of congress otherwise provide. It is quite immaterial that the state statute only prescribes the rule of limitation for actions brought "in a court of the state." All of the various provisions relating to the limitation upon the time of bringing actions are, by necessary implication, addressed only to actions brought in the courts of the state. These are the only actions as to which they could have any operation, and their operation upon the rights of litigants in the federal courts depends solely upon the force of federal authority.

It was the obvious purpose of the statute to substitute in behalf of defendants, residents of other states when the cause of action accrued, sued in this state by a nonresident, the law of their re-

spective domiciles, in lieu of the law of this state in respect to the limitation of the time of bringing actions. It operates in the present case to make as the law of the forum the statute of Rhode Island. By that statute, as construed by the highest court of Rhode Island, an action is commenced, so as to save the running of the bar, when the writ is issued, notwithstanding service is not made upon the defendant until after the expiration of the six years. Hail v. Spencer, 1 R. I. 17. It follows that the present action was commenced within the six years, and the defense of limitation is unavailing.

Concededly, if the Virginia court, by whose decree the assessments sought to be enforced against the defendant were ordered, did not acquire jurisdiction of the action in which the decree was made, the plaintiff took nothing by that decree; and, the decree being a nullity, the present action was without foundation. Concededly, also, that court did not acquire jurisdiction unless the service of process for the commencement of the suit was properly made either upon Mr. Poiteaux, as cashier of the express company, or upon Mr. Anderson, as one of its directors. According to the evidence at the trial, Mr. Poiteaux was merely an employé in the office of the local agent of the company at Richmond. Such an employé is not a cashier, in the sense of the statute which permits service of process upon the "cashier or treasurer" of a corporation. The more serious issue at the trial was whether Mr. Anderson was a director in November, 1871, when the process was served upon him. Although the evidence showed that he was chosen a director at the meeting of the board of directors held November 1, 1886, to fill a vacancy created by the resignation of a previous director, and tended also to show that he participated as a director in the proceedings of that meeting, his own testimony upon the trial was to the effect that he resigned soon after, and probably at the conclusion of the meeting, having consented merely to act temporarily and formally. At the close of the evidence, after a motion for the direction of a verdict for the defendant had been denied, the defendant asked to have the case submitted to the jury with instructions to the effect that the plaintiff was not entitled to recover unless the process of the Virginia court was served upon a person who at the time was a director of the express company; that Mr. Anderson was not bound to serve as a director for the unexpired term of his predecessor; that it was not necessary that his resignation should have been formally accepted by the directors; and that, if the jury believed that he had ceased to be a director previous to the service of the process upon him, the service was insufficient. It seems to have been the view of the trial judge that, by force of a provision of the statute of Virginia relating to corporations, Mr. Anderson continued a director, notwithstanding his resignation, because his successor was never chosen. That provision reads as follows:

"The stockholders in general meeting, or any other appointing power, as the case may be, may remove any director and fill the vacancy caused by such removal; but unless so removed the directors shall continue in office until

the next annual meeting of the stockholders, and until their successors shall be appointed."

Similar provisions are common in charters and acts of incorporation. They are generally supposed to be but declaratory of the common-law rule that directors hold over after the expiration of their original terms, in the event that their successors have not been elected, or have not qualified. Angell & A. Corp. § 142; Thorington v. Gould, 59 Ala. 461; Olcott v. Railroad Co., 27 N. Y. 546; Dam Co. v. Gray, 30 Me. 547; Currie v. Assurance Soc., 4 Hen. & M. 315; Sparks v. Farmers' Bank, 3 Del. Ch. 274. We are not aware of any adjudication holding that such a provision operates to preclude the resignation of a director. The case of Briggs v. Spaulding, 141 U. S. 132, 11 Sup. Ct. 924, in which the question was considered by the supreme court, is a direct and controlling authority to the contrary. The court used this language:

"We do not understand that because section 5145 of the Revised Statutes provides that directors shall hold office for one year, and until their successors have been elected and qualified, this prohibits resignations during the year."

In Bartholomew v. Bentley, 1 Ohio St. 37,—a case where the charter of a bank provided that directors should remain in office until successors should be elected,—the court held that those who had been elected, and whose successors had never been chosen, had nevertheless ceased to be directors, in view of facts indicating their abandonment of office.

A director of an ordinary business corporation is not a public officer, but is merely an agent of the shareholders, selected, conformably to the organic law of the company, to represent them in the management of its affairs. Unless there is some provision in the charter or by-laws to the contrary, like the agent of an ordinary partnership, he can renounce his agency at will, can manifest his purpose by oral notice as well as by a formal written resignation, and can terminate the relation without the assent of his principal.

The testimony of Mr. Anderson, although inconclusive, was sufficient to authorize the jury to find, not only that he had resigned previous to the time of the service of process upon him, but that it was understood by his associates, when he was chosen, that he would only serve at that meeting of the board. In Furnald v. Glenn, 12 C. C. A. 27, 64 Fed. 49, the question of fact, whether Mr. Anderson was a director when served, was considered by this court upon the evidence in the record then before us; and we thought the evidence sufficient to indicate that he was, especially in view of the consideration that the resort to equity was without foundation unless the fact were true. But the evidence was conflicting, as it is here. The request of the defendant to go to the jury, and for appropriate instructions by the court in respect to the effect of Mr. Anderson's resignation and of service of process upon him, sufficiently saved his rights, notwithstanding he had previously asked for the direction of a verdict.

We conclude that there was a question of fact which should have been submitted to the jury, and that it was error to refuse the

instructions prayed for by the defendant and to direct a verdict for the plaintiff. This conclusion renders it unnecessary to discuss the correctness of other rulings at the trial which have been challenged by the assignments of error.

The judgment is accordingly reversed.