[L. A. No. 2391.  Department Two.—April 9, 1910.]

In the Matter of the Dissolution of COLLEGE HILL LAND ASSOCIATION OF THE CITY OF SAN DIEGO (a Corporation); CATHERINE B. CHASE and C. W. CHASE, Appellants.

DISSOLUTION OF CORPORATION FOR PROFIT — APPEAL FROM JUDGMENT AFTER SIXTY DAYS—EVIDENCE NOT REVIEWED.—Where a corporation organized for profit was dissolved by judgment of the superior court, upon an appeal therefrom by objecting parties, taken more than sixty days after the entry of the judgment, the evidence given at the hearing cannot be reviewed and findings of fact objected to by the appellants cannot be considered.

ID.—JURISDICTION OF PETITION—STOCK SUBSCRIBED UNDER FORMER LAW —CHANGE IN REQUISITE VOTE—UNTENABLE OBJECTIONS.—The objection that the superior court had no jurisdiction of the petition on the ground that its stock was subscribed when the law required a vote of two thirds of all the stockholders, and that they could not be deprived of that right by a subsequent change in the law permitting a petition for dissolution upon a vote of two thirds of the subscribed capital stock, is not tenable. It is sufficient that the vote and petition were in the form prescribed by section 1228 of the Civil Code as amended in 1907.

ID.—RESERVED POWER OF LEGISLATURE OVER CORPORATIONS — PART OF CONTRACT WITH STOCKHOLDERS.—The power reserved to the legislature to alter or repeal the charter of any corporation subject to section 1 of article XII of the state constitution is not only a part of the charter of the corporation, but also becomes a part of the contract of every stockholder of the corporation organized thereunder.

ID.—MOTION FOR CONTINUANCE—PROOF OF STOCK—SHOWING OF SALE FOR DELINQUENT ASSESSMENTS—LACK OF DILIGENCE—DISCRETION NOT ABUSED.—The court did not abuse its discretion in denying a motion for a continuance by appellants to prove their ownership of stock where it was shown at the hearing that they were the original owners of stock issued to them, but that it had been long since sold for delinquent assessments, and that they had had ample time to have attacked such sale for invalidity if such invalidity existed. Their failure to have done so exhibits a lack of diligence in itself justifying the court in refusing the continuance.

ID.—INSUFFICIENT AFFIDAVIT ON MOTION.—The affidavit in support of the motion discloses no defense upon the merits where it merely alleges that appellants paid all assessments of which they had any knowledge, but does not state that they paid all assessments levied, or that the assessment under which their stock was sold, was illegal or void.

APPEAL from a judgment of the Superior Court of San Diego County.  N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

J. H. McCulloch, and C. N. Andrews, for Appellants.

Sam Ferry Smith, for Respondent.

HENSHAW, J.—The College Hill Land Association of the city of San Diego was a private corporation, organized for profit.  It had a capital stock of two million dollars, divided into twenty thousand shares of the par value of one hundred dollars each.  Eleven thousand seven hundred and seventy of these shares were issued and outstanding.  At a special meeting of the stockholders called for that purpose on February 1, 1908, at which there were present and represented ten thousand six hundred and sixty-seven shares of the capital stock, it was unanimously decided to dissolve the corporation and distribute its assets.  In conformity with this resolution the directors of the corporation, on the twenty-fourth day of February, 1908, filed a petition in due form in the superior court of the county of San Diego seeking a decree of dissolution.  The court set the hearing for Monday, the sixth day of April, and due notice thereof was given as required by law.  On the seventh day of April, Catherine B. Chase and C. W. Chase, appellants herein, claiming to be stockholders of the corporation and owners of about three hundred and forty shares of the stock, filed objections to the dissolution and alleged grave corporate mismanagement on the part of the directors and others connected with the company.  The hearing of the petition and the objections thereto were set for the twentieth day of April, 1908.  Upon that day the objectors asked for a continuance of thirty days in which to take their own depositions in New York.  This request was denied by the court.  The matter proceeded to a hearing, and, after evidence taken, a judgment of dissolution was rendered on that date.  The court found that the objectors, Catherine B. Chase and C. W. Chase, were not stockholders of the corporation, and also found against them upon all other material allegations.  The court further found that all and singular the allegations and statements in the application for dissolu-

tion were true. The judgment was rendered upon April 20, 1908, and entered April 22, 1908. The appeal was taken October 10, 1908, more than sixty days after entry of judgment. It does not permit a review of the evidence. (Code Civ. Proc., sec. 939; *Ryland* v. *Heney*, 130 Cal. 426, [62 Pac. 616]; *Sather Banking Co.* v. *Briggs Co.*, 138 Cal. 724, [72 Pac. 352]; *Thomas* v. *Northwestern Mutual Life Ins. Co.*, 142 Cal. 79, [75 Pac. 665].) The same reason forbids the consideration of other findings of fact objected to by appellants.

The objection to want of jurisdiction appearing upon the face of the petition is based upon appellants' contention that at the time when they became stockholders the law required a two-thirds vote of all the stockholders (Code Civ. Proc., sec. 1228), although in 1907 the law was amended to read that dissolution might be had upon a vote "of the holders of two thirds of the subscribed capital stock." The contention of appellants is that the law as it stood at the time when they purchased their stock conferred upon them a legal right of which they could not be deprived by any subsequent legislative enactment. There is no force in this contention. Admittedly the petition for dissolution was in the form prescribed by section 1228 as amended in 1907. Section 1 of article XII of our constitution provides that "all laws now in force in this state concerning corporations, and all laws that may be hereafter passed pursuant to this section, may be altered from time to time or repealed." And, indeed, it is well settled that this reserve power to alter or repeal the charter of a corporation becomes a part of the contract of every stockholder of the corporation organized thereunder. (*Venner Co.* v. *United States Steel Corp.*, 116 Fed. 1012; *Market St. Ry. Co.* v. *Hellman*, 109 Cal. 571, [42 Pac. 225]; *McGowan* v. *McDonald*, 111 Cal. 57, [52 Am. St. Rep. 149, 43 Pac. 418]; Thompson on Corporations, 2d ed., secs. 402 and 408.)

The court did not abuse its discretion in refusing the motion for continuance. The application for a continuance was made upon the ground that it was necessary to take the depositions of the objectors to prove that they were the parties to whom certificates of stock set forth in the objections filed were issued by the company; that they had paid all the assessments upon the stock of which they ever had or received any notice, or of which they had any knowledge, and that their post-office

address and their whereabouts have been at all times well known to the secretary and other officers of the corporation. It was shown at the hearing that these objectors were the persons to whom the certificates of stock had been issued. It was also shown that the stock had long since been sold for delinquent and unpaid assessments. The affidavit in support of the motion for a continuance does not state facts which would be a defense upon the merits. It asserts merely that the objectors paid all the assessments of which they had any knowledge, but it is nowhere asserted that they had paid all the assessments levied, or that the assessment under which their stock was sold was illegal or void. It was further made to appear that the sale of their stock had been made many years ago, with ample time accorded to these appellants to have instituted a proper proceeding to set aside the sale upon the ground of its invalidity if any such invalidity existed. Their failure so to have done exhibits a lack of diligence in itself, justifying the court in refusing the continuance.

The judgment appealed from is therefore affirmed.

Lorigan, J., and Melvin, J., concurred.