[S. F. No. 13939. In Bank.—July 23, 1931.]

*PIERCE COOMBES, Appellant, v. M. G. FRANKLIN et al., Defendants; MILTON E. GETZ, Respondent.

*REPORTER'S NOTE.—On writ of *certiorari* to the Supreme Court of the United States, the judgment in the case of *Coombes* v. *Franklin* was reversed by an opinion filed April 11, 1932. See *Coombes* v. *Getz*, 285 U. S. 434 [76 L. Ed. (Adv. Ops.) 572.]

Gavin McNab, Schmulowitz, Wyman, Aikins & Brune, McKinstry, Haber & Firebaugh and J. C. McKinstry for Appellant.

Lawler & Degnan, Pillsbury, Madison & Sutro, Alfred Sutro and Eugene M. Prince for Respondent.

Treadwell, Van Fleet & Laughlin, Joseph L. Lewinson, W. H. Douglas, Leslie R. Hewitt and Walter L. Maas, Jr., *Amici Curiae.*

PRESTON, J.—The appeal in this cause must be dismissed, and it is ordered.

The reason for this holding is that 'the authority for the maintenance of the action against respondent has been removed by the elimination of the constitutional provision which furnished its sole support.

The complaint assumes the form of a general creditors' and stockholders' bill seeking to hold the defendants, and particularly respondent Getz, for embezzlements and defalcations of a fellow director of the corporation known as Getz Bros. & Company, which said defalcations aggregated the sum of about $550,000. Demurrer of said respondent to the complaint was sustained. Appellant declined to amend and judgment passed for respondent. This appeal followed.

Section 3 of article XII of the state Constitution, prior to November 4, 1930, read in part as follows: "The directors or trustees of corporations and joint stock associations shall be jointly and severally liable to the creditors and stockholders for all moneys embezzled or misappropriated by the officers of such corporation or joint stock association, during the term of office of such director or trustee." On said last-mentioned day, however, the People approved at a general election an amendment to said Constitution which repealed the said provision above quoted without a saving clause or reservation of any kind.

The rule of law in this respect is not in doubt. In *Napa State Hospital* v. *Flaherty*, 134 Cal. 315, 317 [66 Pac. 322, 323], the court stated the rule as follows: "It is a rule of almost universal application that, where a right is created solely by a statute, and is dependent upon the statute alone, and such right is still inchoate, and not reduced to possession, or perfected by final judgment, the repeal of the statute destroys the remedy, unless the repealing statute contains a saving clause." This rule has been consistently and continuously adhered to since said date. *Moss* v. *Smith*, 171 Cal. 777, 787 [155 Pac. 90]; *Freeman* v. *Glenn Co. Tel. Co.*, 184 Cal. 508, 510 [194 Pac. 705]; *Callet* v. *Alioto*, 210 Cal. 65 [290 Pac. 438]; *Krause* v. *Rarity*, 210 Cal. 644 [293 Pac. 62]. It is again referred to and approved in *Peterson* v. *Ball*, 211 Cal. 461 [74 A. L. R. 187, 296 Pac. 297]. A case especially applicable to repeal of a constitutional provi-

sion is *Willcox* v. *Edwards,* 162 Cal. 455 [Ann. Cas. 1913C, 1392, 123 Pac. 276]; see, also, *People* v. *Bank of San Luis Obispo,* 159 Cal. 65 [Ann. Cas. 1912B, 1148, 112 Pac. 866], and many other cases.

The cases of *Berg* v. *Traeger,* 210 Cal. 323 [292 Pac. 495], and *Harris* v. *Moore,* 102 Cal. App. 413. [283 Pac. 76], are not in conflict with this conclusion. These cases, after declaring the rule as above noted, simply sustain appeals duly perfected prior to a change in the statute, shifting the appellate jurisdiction of that class of cases. To apply the above rule to a cause of action which has not yet reached the stage of final judgment is not to give the constitutional provision· a retrospective operation. (*Hastain & Purman, Inc.,* v. *Superior Court,* 212 Cal. 783 [300 Pac. 966], and cases therein cited.)

█ Section 2 of article XXII of the Constitution manifestly has no application to the situation here and constitutes no saving clause to the former provision here under discussion. █ Neither do we find any warrant for the contention that a remedy of the kind here sought existed at common law. Both in reason and authority this contention cannot be sustained. █ The same is true of the contention that an impairment of the obligation of the contract in violation of the Constitution would result from this application of the rule pronounced above; hence the conclusion already stated.

Shenk, J., Curtis, J., Waste, C. J., and Seawell, J., concurred.

A rehearing was denied August 21, 1931, and on October 23, 1931, the following opinion was filed:

THE COURT.—A rehearing was sought in this case and denied by this court on August 21, 1931, and this opinion was to follow.

The contention was again made that the decision of the court impairs the obligation of contracts and thereby violates the Constitution of the United States. We are satisfied that it does not and we find nothing in the authorities presented to us to change our conclusion in that regard.

█ It has, of course, been held in this state that the particular type of directors' liability established by this

section of our Constitution is contractual in its nature (*Dean* v. *Shingle,* 198 Cal. 652 [46 A. L. R. 1156, 246 Pac. 1049]). This being so, it undoubtedly entered into and became a part of every contract between the creditors and the corporation as a matter of law. But it is equally true that another section of the California Constitution was incorporated by law into such contracts. It is that section which provides broadly for the reserved power over corporation laws, and which reads in part: "All laws now in force in the state concerning corporations and all laws that may be hereafter passed pursuant to this section may be altered from time to time or repealed." (Cal. Const., art. XII, sec. 1.) A similar provision was contained in the Constitution of 1849 (art. IV, sec. 31). See discussion in Ballantine, California Corporation Laws (1931), page 7 et seq.

Its effect is, we think, perfectly clear; the repeal of the provision for directors' liability was a contingency which was known at the time the contract was made, and that contingency was as much a part of the contract as was the liability. Several prior decisions of this court have so interpreted these provisions. (*Market etc. Co.* v. *Hellman,* 109 Cal. 571 [42 Pac. 225]; *McGowan* v. *McDonald,* 111 Cal. 57 [52 Am. St. Rep. 149, 43 Pac. 418]; *Spring Valley Water Works* v. *San Francisco,* 61 Cal. 3; *Matter of College Hill Land Assn.,* 157 Cal. 596 [108 Pac. 681].)

It is true that the reserved power, however broad, cannot be exercised so as to impair a vested property right (*Western Union Tel. Co.* v. *Hopkins,* 160 Cal. 106 [116 Pac. 557]), but the remedy formerly given by the section in question was not such a right, and its repeal did not therefore constitute a denial of due process of law.

LANGDON, J., Dissenting.—I dissent. I think that the reserved power to alter and repeal laws concerning corporations, expressed in article XII, section 11, of the California Constitution, has been given too wide a scope by this decision. I am by no means convinced that in its reference to "laws now in force" and "laws that may be hereafter passed pursuant to this section" it was intended to apply to another section of the Constitution, such as section 3 of article XII, involved herein. It is true that a self-executing provision of the Constitution may have the force and effect of a statutory

enactment; but it is not so clear that another provision of a Constitution is a law ''hereafter passed pursuant'' to a prior section.

Furthermore, while the right to alter or repeal such a provision as article XII, section 3, is undeniable, it does not necessarily follow that a contractual right gained under it falls with the repeal. We have heretofore unequivocally held, and the majority opinion concedes, that the right given to the creditors by said section is a contractual right. When a cause of action based upon it arises, I do not think it is going too far to say that the right is vested, and if so, it becomes entitled to the protection of the due process clause. (See *Western Union Tel. Co.* v. *Hopkins,* 160 Cal. 106 [116 Pac. 557].) The analogy of stockholders' liability cannot be ignored, and the cases which have held such liability unaffected by repeals are very persuasive. (See *Harrison* v. *Remington Paper Co.,* 140 Fed. 385 [5 Ann. Cas. 314, 3 L. R. A. (N. S.) 954, 72 C. C. A. 405]; *Bernheimer* v. *Converse,* 206 U. S. 516 [51 L. Ed. 1163, 27 Sup. Ct. Rep. 755, see, also, Rose's U. S. Notes]; Thompson on Corporations, 3d ed., pp. 462, 465.)

The order dismissing the appeal was, in my judgment, erroneous.