[Civ. No. 9303. First Appellate District, Division Two.—February 6, 1934.]

ADAMS PIPE WORKS (a Corporation), Respondent, v. OKELL WELL MACHINERY CORPORATION (a Corporation) et al., Defendants; CORA M. LANE, Appellant.

Tanner, Odell & Taft and S. W. Odell for Appellant.

Andrew M. Strong for Respondent.

NOURSE, P. J.—This is an appeal on the judgment-roll alone from a judgment following a trial by the court sitting without a jury. While the appeal was pending in the Second Appellate District appellant was granted permission on motion for diminution of the record to file the reporter's transcript of the proceedings in the lower court. Such a transcript was filed, but it does not bear the certificate of the trial judge. As this transcript is not properly a part of the record on appeal we confine our decision to the certified transcript which contains the judgment-roll.

Here we find a simple action brought to enforce the liability of a stockholder under the provisions of section 3 of article XII of the Constitution prior to its repeal on November 4, 1930.

■ The appellant argues that since the constitutional section was repealed before final judgment had been entered in this case the creditor's remedy against the stockholder was abolished. *Coombes* v. *Franklin,* 213 Cal. 164 [1 Pac. (2d) 992, 4 Pac. (2d) 157], is cited as authority. This case was reversed in *Coombes* v. *Getz,* 285 U. S. 434 [52 Sup. Ct. 435, 76 L. Ed. 866]. The point is not now open to controversy. The liability heretofore created under the constitutional section was contractual (*Dean* v. *Shingle,* 198 Cal. 652, 662 [246 Pac. 1049, 46 A. L. R. 1156]) and the right of the creditor cannot be impaired by repeal of the section while an action is pending to enforce an antecedent obligation. (*Hawthorne* v. *Calef,* 2 Wall. 10; *Coombes* v. *Getz, supra.*)

■ It is argued that the cause of action was barred by some statute of limitations. But no statute was pleaded either by demurrer or by answer; hence the point cannot be raised on appeal. (16 Cal. Jur., pp. 603, 641.)

■ The criticism of the complaint would present some controversy if the questions were properly raised. It is argued that the complaint fails to present a cause of action because it does not allege that appellant was a stockholder at the time the debt was incurred, and that it is uncertain because it does not allege the proportion of the whole subscribed capital stock which appellant owned. Both the findings and the judgment recite that the cause was heard "upon stipulation of facts and testimony". Then the court specifically finds that when the indebtedness was incurred the appellant "was, and now is, the owner of seven-ninths of the capital stock issued . . . " Since the appeal has been taken on the judgment-roll alone it is fair to assume in support of the judgment that the stipulation mentioned in the findings covered the identical points which the appellant now raises. Certainly when neither error nor prejudice appear upon the judgment-roll we cannot presume that either occurred.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 8, 1934, and an ap-

plication by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 5, 1934.