[Civ. No. 9813. First Appellate District, Division Two.—April 29, 1935.]

PAUL S. COHN, Executor, etc., Appellant, v. REUBEN CLARE et al., Respondents.

Walter E. Dorn for Appellant.

Charles H. Patterson for Respondents.

NOURSE, P. J.— Plaintiff sued to have it determined that a lease secured by defendant Clare from his codefendants was held in trust for the benefit of plaintiff. The trial court made findings favorable to defendants and denied relief to plaintiff.

Plaintiff and his predecessors conducted a cigar store in the city of Oakland for about twelve years prior to this controversy. Defendant Clare was employed for several years as manager of that store and was discharged when the business became unprofitable. Plaintiff had rented the premises from the other defendants under a written lease which expired about two years before the controversy. After his discharge Clare procured a lease covering the same premises and his codefendants ousted plaintiff through proceedings in ejectment. The trial court found that the lease was obtained by Clare after the relation of employee had been terminated and that it was not procured through any secret or confidential information obtained by said defendant in the course of his employment.

There is substantial evidence to support these findings. The fact that plaintiff and his predecessors had been operating on a month to month tenancy was generally known and discussed. It was not a "secret of the trade". Anyone in or out of the business could have ascertained whether a term lease were recorded and, upon inquiry, could have learned the terms of the tenancy under which the premises were

occupied. This information is not like a confidential list of customers such as is involved in the "laundry" and similar cases. There the list is confidential information acquired by reason of the employment only. Here the information is neither confidential nor secret, and it could be learned by anyone outside of the employment. The distinction is found in *Avocado Sales Co.* v. *Wyse*, 122 Cal. App. 627 [10 Pac. (2d) 485], and in those cases in which the business was of such a character that it depended upon keeping its lists of customers and other information secret.

In view of the court's finding here that the lease was obtained after the employee's discharge and upon information which was neither secret nor confidential, and which was not obtained by reason of, or in the course of, the employment the case of *Gower* v. *Andrew*, 59 Cal. 119 [43 Am. Rep. 242], and similar authorities have no application.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 29, 1935.