[L. A. No. 14987.   In Bank.—December 15, 1936.]

ERNEST U. SCHROETER, as Trustee in Bankruptcy, etc., Respondent, v. BARTLETT SYNDICATE BUILD-ING CORPORATION, LTD. (a Corporation), Appellant.

Bettin, Painter & Wait and Conant Wait for Appellant.

Geo. W. Fenimore, Mathes & Sheppard, Robert A. Cushman and Joseph S. Dubin for Respondent.

Chickering & Gregory and Lalor Crimmins as *Amici Curiae* on Behalf of Respondent.

EDMONDS, J.—Plaintiff as the owner of certain shares of the capital stock of defendant corporation recovered judgment for the amounts paid by him on certain assessments upon this stock. The complaint alleges and the court below found that the corporation had no authority to levy or collect these assessments. The controversy has arisen because of a change in the law conferring upon corporations the right to assess stockholders.

At the time the corporation was organized and also when the plaintiff's stock was issued, section 331 of the Civil Code permitted the directors of a corporation to levy and collect assessments upon its subscribed capital stock. Thereafter and in 1929 this section was amended to read: "Shares are not assessable except as provided in this article. If the articles expressly confer such authority, and subject to any limitations therein contained the directors of any corporation may in their discretion, levy and collect assessments

upon all shares of any or all classes made subject to assessment by the articles . . . " (Stats. 1929, p. 1268.) Prior to the levy of the assessments complained of, the articles of incorporation of appellant did not contain any provision allowing the assessment of its stock. Appellant insists that no such authority was necessary and contends that its right to assess must be measured by the terms of the law existing at the time of the issuance of the stock charged with the assessment. To hold otherwise, it asserts, would be a violation of article I, section 10, and the Fourteenth Amendment of the United States Constitution as well as section 16 of article I of the California Constitution.

▮ Appellant cites the settled rule that the relation existing between a corporation and its stockholders, is one of contract in which the charter, articles of incorporation, by-laws of the corporation and pertinent statutes of the state are embodied (*Shattuck & Desmond Whse. Co.* v. *Gillelen,* 154 Cal. 778, 783 [99 Pac. 348]; 6A Cal. Jur. 744), and from this premise argues that because at the time of the issuance of this stock the corporation, upon the vote of its directors, was permitted to levy assessments, a compliance with the 1929 amendment of section 331 of the Civil Code as the basis of an assessment thereafter made would impair the obligation of the contract of the corporation with its stockholders within the constitutional inhibitions.

The fallacy in this reasoning is that it does not take into consideration section 1 of article XII of the California Constitution, which reads: "Corporations may be formed under general laws, but shall not be created by special act. All laws now in force in the state concerning corporations, and all laws that may be hereafter passed pursuant to this section, may be altered from time to time or repealed." This provision was also a part of the contract between the corporation and its stockholders. (*Rainey* v. *Michel,* 6 Cal. (2d) 259 [57 Pac. (2d) 932, 105 A. L. R. 148]; *In re College Hill Land Assn.,* 157 Cal. 596, 598 [108 Pac. 681]; *Farbstein* v. *Pacific Oil Tool Co.,* 127 Cal. App. 157 [15 Pac. (2d) 766]; *McGowan* v. *McDonald,* 111 Cal. 57 [43 Pac. 418, 52 Am. St. Rep. 149]; *Market St. Ry. Co.* v. *Hellman,* 109 Cal. 571 [42 Pac. 225]; *Somerville* v. *St. Louis Min. & Mill. Co.,* 46 Mont. 268 [127 Pac. 464, L. R. A. 1915B, 811]; *Weede* v. *Emma Copper Co.,* 58 Utah, 524 [200 Pac. 517];

*Davis* v. *Louisville Gas & Elec. Co.,* 16 Del. Ch. 157 [142 Atl. 654.) ██ The state reserved the right to amend or repeal the then existing statute authorizing the levy of assessments and there was no impairment of the obligation of contract by the legislative exercise of this right. The amended statute did not take from the corporation the right to assess its stockholders. It only requires, as a basis for the assessment of corporate stock, that the articles of incorporation must expressly confer authority therefor. No limitation was placed upon the corporation to amend its articles of incorporation. No obligation of contract was impaired; no vested right was interfered with.

Essentially the same question that the appellant raises in the present case was before the Supreme Court of Montana in *Somerville* v. *St. Louis Min. & Mill. Co., supra.* In that case the articles of incorporation provided that the stock should be nonassessable. Subsequently the legislature of the state of Montana amended the Montana Civil Code so as to authorize any corporation, by and with the consent of its stockholders holding two-thirds of the stock, to render the stock assessable. Such stockholders having voted an amendment to the articles of incorporation a minority stockholder sought to enjoin the levy of the assessment upon his shares, declaring the statute to be unconstitutional. The court, in denying the injunction, stated: " . . . The recital in the charter of the . . . company that its stock should be nonassessable is to be read, in the light of the reserved power, to mean: This stock shall be non-assessable until such time as the legislature shall provide that it shall be assessable, or until such time as it is rendered assessable pursuant to legislation authorizing such change."

Appellant contends that under the reasoning of the case of *Coombes* v. *Getz,* 285 U. S. 434 [52 Sup. Ct. 435, 76 L. Ed. 866], the amended statute cannot be made applicable to stock theretofore issued. But an entirely different situation was presented in that case and it was there held that the right of a *creditor* to recover from directors of a corporation for money embezzled by a fellow director of the corporation could not be destroyed by the repeal of the constitutional provision in effect at the time of the embezzlement which authorized such a recovery. That case has to do only with the rights of a third person, a creditor of the corpo-

ration, which had become fully perfected and vested prior to the repeal of the liability provision. The decision makes this perfectly clear for the court said: "The authority of a state under the so-called reserved power is wide; but it is not unlimited. The corporate charter may be repealed or amended, and, within limits not now necessary to define, the inter-relations of state, corporation and stockholders may be changed; but neither vested property rights nor the obligation of contracts of third persons may be destroyed or impaired. (Citing cases.)"

The legislative change here considered affects only the interrelations of the corporation and its stockholders. No rights of third persons are involved. Therefore, cases such as *Adams Pipe Works* v. *Okell Well Mach. Corp.*, 136 Cal. App. 608 [29 Pac. (2d) 224], and *Meyer & Holler* v. *Ramona Village*, 5 Cal. App. (2d) 679 [43 Pac. (2d) 823, 44 Pac. (2d) 634], which follow the Coombes case (*Coombes* v. *Getz, supra*), and uphold the right of a creditor to recover from a stockholder upon his liability under a statute in effect at the time the debt was created and thereafter repealed, are not in point.

Appellant relies strongly on *Garey* v. *St. Joe Min. Co.*, 32 Utah, 497 [91 Pac. 369, 12 L. R. A. (N. S.) 554], decided in 1907. This case, it is true, supports appellant's contentions, but we do not find that it has been followed in this or any other jurisdiction and it cannot be harmonized with the well-reasoned case of *Davis* v. *Louisville etc. Co.*, *supra,* which we recognize as following the trend of authority and announcing the better rule.

Appellant suggests that these conclusions may impair the rights of minority stockholders. It is claimed that in the present case there was a specific contract between the corporation and its stockholders that money for the construction of a building on land which the stockholders had transferred to the corporation in exchange for their stock, was to be raised by assessment of the stock; and that invalidation of the assessments would violate this agreement if the majority stockholders should refuse to amend the articles to authorize assessments. This contention is without merit. While a factual situation involving unusual circumstances which might affect the rights of minority stockholders is possible, there is no such showing here. There has been no

refusal by the majority stockholders to amend the articles of incorporation to authorize assessments; on the contrary the record indicates that on May 6, 1931, the articles of incorporation were in fact so amended.

The judgment is affirmed.

Langdon, J., Thompson, J., Shenk, J., Seawell, J., Waste, C. J., and Curtis, J., concurred.