[Sac. No. 5219.   In Bank.—July 21, 1939.]

ALEX E. WILSON, Appellant, v. CHEROKEE DRIFT MINING COMPANY (a Corporation) et al., Respondents.

Sterling Carr for Appellant.

J. F. Good for Respondents.

THE COURT.—This is an action to cancel an assessment on shares of stock and enjoin the sale of stock for the enforcement thereof.

Defendant is a California corporation, with a capital stock of 500,000 shares of $1 par value. In 1935, plaintiff recovered a judgment against certain shareholders and acquired their stock in satisfaction thereof, new certificates being then issued to him in the amount of 46,666 shares. At that time the stock was nonassessable.

In May, 1937, the articles were amended to permit the levy of assessments by the board of directors. At that time the corporation owed current accounts of over $3,000, and was liable to its president, Alexander Logie, on promissory notes given for cash advances in the sum of $13,312.32. Logie held 276,712 shares.

On July 9, 1937, the board levied an assessment of five cents per share on the outstanding stock. At the same time it adopted a resolution authorizing acceptance of any part of the promissory notes held by Logie as payment of his assessment. When enforcement of the assessment was attempted, plaintiff protested, and thereafter brought this action to annul it. It is conceded that Logie, the president, controlled the board of directors, but no fraud or breach of trust was charged, and the validity of the debts was not questioned. The lower court gave judgment for defendant corporation and plaintiff appealed.

The first and principal contention of plaintiff is that the assessment in this case involves a denial of due process

of law, and an impairment of the obligation of contract. The right of the corporation to amend its articles to provide for the power of assessment is of course conceded, and it is likewise conceded that one who becomes a stockholder makes his contract in anticipation of any possible changes in the law under the state's reserved power (see, generally, Ballantine & Sterling, California Corporation Laws, 1938 ed., p. 5; *Heller Inv. Co.* v. *Southern T. & T. Co.*, 17 Cal. App. (2d) 202 [61 Pac. (2d) 807]); but it is asserted that to assess the stockholder for debts existing prior to the amendment of the articles is an unconstitutional application of the law.

Plaintiff relies upon *Rainey* v. *Michel*, 6 Cal. (2d) 259 [57 Pac. (2d) 932, 105 A. L. R. 148], a case wholly distinguishable, for there the attempt was made to apply a *new law* imposing a special stockholders' liability to *creditors* for debts incurred prior to the law's enactment. This court pointed out that at the time the debts were contracted the creditors had no such right against the stockholders, and declared that to impose this liability retroactively would be a denial of due process. This case, dealing with liability to creditors, has no relevancy where, as here, we are concerned with the interrelations of the corporation and its stockholders. (See *Schroeter* v. *Bartlett Syndicate Building Corp.*, 8 Cal. (2d) 12 [63 Pac. (2d) 824]; *Heller Inv. Co.* v. *Southern T. & T. Co., supra.*)

When plaintiff became a stockholder he knew that under the law then in existence the power of assessment could be conferred on the corporation by amendment of the articles, and that this power could be exercised to raise funds for the *corporation,* for the purpose of paying any debts of the corporation owed at the time the assessment was levied, regardless of when they were incurred. No violation of his constitutional rights was involved in the making of that assessment.

■ The other contention of plaintiff is that the assessment was void because of a failure on the part of the corporation to comply with the terms of section 326, subdivision 8, of the Civil Code. This section provides that certain restrictions, liens or powers, including the power of assessment, shall not be effective "against a transferee" of shares unless they are stated on the face of the certificate. The provision was intended to protect a transferee who purchases in reliance on the face of the certificate from undisclosed liens,

powers or restrictions which vitally affect his shares. (See Ballantine & Sterling, California Corporation Laws, 1938 ed., pp. 132, 133.) Obviously, it does not apply to every shareholder, but is limited to transferees, that is, those who take the stock by transfer of the certificate from an existing shareholder after the restriction or power is in effect. Persons to whom stock is issued by the corporation cannot correctly be deemed "transferees". Plaintiff was at one time a transferee of his stock, but following the transfer new certificates were issued to him by the corporation, and thereafter the amendment was adopted and the assessment made. At the time of the amendment giving the power of assessment he was a stockholder with full knowledge of all the proceedings. The provision was therefore entirely inapplicable to him.

The judgment is affirmed.