[Civ. No. 8319.   Third Dist.   Mar. 30, 1954.]

ALBERT L. SILVA et al., Appellants, v. COASTAL PLY-
WOOD AND TIMBER COMPANY (a Corporation)
et al., Respondents.

Clarendon W. Anderson for Appellants.

Rogers and Clark, Webster V. Clark and George Brunn for Respondents.

PEEK, J.—Plaintiffs have appealed from a judgment entered following the order of the trial court sustaining defendants' demurrer without leave to amend.

Defendant corporation was organized under the Constitution and laws of the State of Nevada. That state by its Constitution provides that "Corporations may be formed under general laws, and all such laws may, from time to time, be altered or repealed." This provision was implemented by a statute which provides that a corporation in that state may amend its articles by ". . . increasing, decreasing or reclassifying its authorized capital stock, by changing the number, par value designations, preferences, or relative, participating, optional, or other rights, or the qualifications, limitations or restrictions of such rights, of its shares . . ." (Nev. Comp. Laws, Supp. 1931-1941, § 1606(3).) Like statutory provisions are found in the Corporations Code of this state, sections 3600 and 3601. The articles of the corporation provided that only one share of stock could be issued to or owned by any stockholder who ". . . must be an active employee, or a person acceptable to the Board of Directors as a future active employee of the corporation." It is stated in the articles that the reason for such restrictions is ". . . the particular nature of this corporation and the contribution to the success thereof expected to ensue from the plan of identifying the management personnel and employees with stock ownership. . . ." Apparently for the purpose of implementing the so-called plan, there were extensive provisions in the bylaws having to do with minimum and maximum wages to be paid stockholder employees, and also job tenure. The corporation became involved financially and following notice of default under the provisions of certain mortgages, a petition was filed under chapter 10 of the National Bankruptcy Act for the reorganization of said corporation. Shortly thereafter the board of directors called a meeting of the stockholders for the purpose of approving an amendment to the articles so that "Shares of stock of this corporation may be sold and transferred by operation of law or otherwise without any restriction, and any person may own any number of said shares." Previously the articles had been amended

twice—the first amendment reduced the classes of stock, and the second eliminated the provisions relative to wages and job tenure. Presently only a portion of the stockholders are employed by defendants.

Defendant Hampton, who is not a stockholder, obtained proxies and options from a majority of the stockholders for the purchase of their shares subject to the approval of the proposed amendment to the articles. Plaintiffs and appellants are minority shareholders who sought by their complaint to enjoin the proposed act of the board.

Plaintiffs, while conceding that articles of incorporation may be amended under the reserved power to amend, nevertheless contend that there is a limitation on such power and that an amendment to the articles "may not be so drastic as to change the fundamental nature of the corporation." This phrase, they say, means that the ". . . corporation must remain the same kind of a corporation that it was prior to the amendment."

■ This argument, like that of plaintiffs in *DeMello* v. *Dairyman's Co-op. Creamery*, 73 Cal.App.2d 746 [167 P.2d 226] ". . . overlooks the power reserved to the state in section 1 of article XII of the state Constitution to alter from time to time or repeal laws for 'the formation, organization and regulation of corporations and to prescribe their powers, rights, duties and liabilities and the powers, rights, duties and liabilities of their officers and stockholders and members.' (See §§ 362 and 362a, Civ. Code.) It is thoroughly established in California that these provisions of law form part of the contract between the corporation and its stockholders. (*Schroeter* v. *Bartlett Synd. Bldg. Corp.*, 8 Cal.2d 12 [63 P.2d 824].) ■ The right of the Legislature under the constitutional reservation of power to amend the corporate laws and thus change the rights and liabilities of stockholders is well established. [Citing cases.]" (See also *Loney* v. *Consolidated Water Co.*, 122 Cal.App. 350 [9 P.2d 888].)

Plaintiffs' contract with the corporation was not unconditional. That it was not so considered by the stockholders is illustrated by the prior amendments to the articles which, for all practical purposes, defeated the so-called "plan" of the corporation; in fact to a degree that it might well be said that the restrictions upon stock ownership now relied upon by plaintiffs no longer exist, and the question raised by their pleading is moot.

■ Necessarily, since corporations are solely creatures of statute, the problem herein presented must be determined in

light of the Constitution and laws of Nevada. As previously noted, the Constitution of that state specifically permits alteration or repeal of all laws respecting corporations. And as also noted, the implementing statutes of that state specifically permit the amendment proposed by the board of directors of defendant corporation.

Plaintiffs do not contend, nor could they, that their rights are property rights existing separate and apart from their contract rights as shareholders. Without that element it cannot be said that there has been such impairment of their contract as would come within constitutional prohibitions. Mere interference with their contract rights as shareholders cannot overcome the reserved right of the state to exercise what it determines to be in the public welfare under the power reserved to it in the Constitution. Thus the problem is not as to whether ''vested'' rights or the ''fundamental nature'' of the corporation will be affected, but whether or not the amendment falls within the scope of the applicable statute. Inherent in the statute is the possibility of change. There can be no other reason for the reservation. The wisdom of enactment is the concern of the Legislature, not the courts.

Since the proposed amendment to the articles is expressly authorized by law it becomes unnecessary to discuss plaintiffs' contention relative to what they term a ''drastic change in the fundamental nature of the corporation.'' However, if a determination of that question were necessary, suffice it to say that the proposed change in no way affects the basic business of the corporation. It remains the same as before. The amendment appears to be merely an attempt to alleviate what was an apparent failure of the plan to combine management with an employee-shareholder arrangement. It necessarily follows that said proposed amendment is not such a change as is prohibited either in law or in equity.

The order and judgment are affirmed.

Van Dyke, P. J., and Schottky, J., concurred.