Decided March 18, 1985

FILED

25 MAR 18 P 4: 41

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

| | |
|---|---|
| JOE FLOWERS, as personal representative of KATHERINE LYNNE FLOWERS, and individually SHARON FLOWERS, <br><br> Plaintiffs, <br><br> vs. <br><br> HONG KONG SAIPAN HOTELS & INVESTMENT, LTD., HYATT INTERNATIONAL CORPORATION, dba THE HYATT REGENCY HOTEL, MARIANAS PROTECTION SERVICE, INC., and the COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, <br><br> Defendants. | CIVIL ACTION NO. 83-205 <br><br><br><br><br><br> ORDER |

Plaintiff has filed a motion styled as a "Motion in Limine." In essence, the plaintiff requests a ruling on the validity or invalidity of Public Law 4-16 which became effective October 24, 1984. The defendant The Hyatt Regency Hotel (Hyatt) joins the issue by asserting that Public Law 4-16 is unconstitutional. Both parties concede the novelty of the issue and after points and authorities were filed and the matter argued, the matter was taken under advisement.

101

## BACKGROUND

Plaintiff filed the original complaint in this matter in May of 1983.[1] Essentially, the plaintiff seeks damages against the various defendants including Hyatt for the wrongful death of Katherine Lynne Flowers who drowned in the swimming pool at the Hyatt Hotel on Saipan.

At the time the action was filed the law governing wrongful death actions in the Commonwealth was encompassed in 6 TTC §§ 201-203.[2] Pertinent to the resolution of this motion is that portion of 6 TTC §§ 201-203 which limited any liability for wrongful death actions to $100,000. Since plaintiff's original complaint sought sums in excess of that amount Hyatt moved to declare that the maximum amount plaintiff could recover was $100,000. In an order issued on August 11, 1983 this court, inter alia, granted the motion. The rational of the court was based and buttressed on the finding that the wrongful death cause of action was not a common law one but solely a creature of the statute and no cause of action survived the deceased, Katherine Lynne Flowers. The court

---

[1] Since the original complaint was filed, several amendments have been made. However, the basic issue to be decided here is unaffected by the amendments except as noted herein.

[2] The Commonwealth Code did not become effective until January 1, 1984. The new citation is 7 CMC 2101 to 2103.

declined to "create" a common law cause of action and deferred to the legislature for any changes in the statute including any amendment to the limits a plaintiff can recover for wrongful death.

The legislature did just that in enacting Public Law 4-16 which states in pertinent part:

Section 1. . . .

"(a)  Except as provided for in 7 CMC §2202(a), the Court may award damages as it may think proportioned to the pecuniary injury resulting from the death, to the persons for whose benefit the action was brought; provided, however, that where the decedent was a child, and where the plaintiff in the suit brought under this Chapter is the parent of that child, or one who stands in the place of a parent pursuant to customary law, the damages shall include mental pain and suffering for the loss of the child, without regard to provable pecuniary damages."

Section 2.  . . . provided, however, that the provisions of Section 1 shall apply to every action for tort liability which has not been reduced to judgement as of the effective date hereof, regardless of when the action was filed.

## DISCUSSION

As both parties have pointed out, the fact that a legislature amends a wrongful death statute increasing or eliminating the limits of recovery is not unusual.  Field v Witt Tire Co. of Atlanta, 200 F.2d 74 (2d Cir. 1952); Lavieri v Ulysses, 180 A.2d 632 (Conn. 1962); Monroe v Chase, 76 F.Supp. 278 (E.D. Ill. 1947); Smith v Mercer, 172

S.E. 2d 489 (N.C. 1970); <u>Theodosis v Keeshin Motor Express Co.</u>,
92 N.E. 2d 794 (Ill. 1950); <u>Herrick v Sayler</u>, 245 F.2d 171
(7th Cir. 1957); <u>Ingraham v Young</u>, 267 F.2d 725 (2d Cir. 1959).

What makes Public Law 4-16 unique and unusual is the
express declaration of intent that its terms shall be effective
for all wrongful death actions pending on the date the
statute became law. Counsel have failed to discover a
similar statute and the court has likewise been unsuccessful.

It appears to be the almost uniform conclusion of the
courts which have considered a wrongful death statute
increasing liability limits that the statute will not be
applied retrospectively but only prospectively. Time and
time again the rule is stated by the courts that:

> Statutes which change rights under an
> existing statute are ordinarily not given
> retroactive effect unless the legislature
> has clearly expressed an intention to that
> effect.
>
> Winfree v No. P.R. Co., (CA 9) 173 F. 65, Aff'd 227
> US 296, 33 S.Ct. 273; Krause v Rarity (Cal 1929)
> 210 Cal 644, 293 P.62; Coombes v Franklin, (Cal 1931)
> 1 P.2d 992, 77 ALR 1327, 98 ALR 2d 1110, § 3;
> Sutherland, Statutory Construction (4th Ed) at
> § 41.04.

It is also well established that there is no question
that legislatures have the power to enact retroactive laws.
<u>United States v Security Indus. Bank</u>
___US___, 103 S.Ct. 407 (1982)

Brewster v Gage, 280 US 327, 50 S.Ct. 115, (1930);

United States v Magnolia Co.,

276 US 160, 48 S.Ct. 236 (1928)

With this array of case law confronting the defendant, Public Law 4-16 is attacked on two major fronts.

First, it is argued that the law is proscribed by the Constitution of the Commonwealth of the Northern Mariana Islands, Article I, § 1. This provision prohibits the enactment of bills of attainer, ex post facto laws and laws impairing the obligation of contracts.

This argument can be summarily disposed of. Public Law 4-16 is none of the above. A bill of attainer is a law convicting an individual of a crime retroactively. Blacks Law Dictionary.

An ex post facto law is one which makes an act performed prior to the law, a crime. Ex post facto and retrospective are not convertible terms. Retrospective may be impolitic or unjust but it is not ex post facto within the terms of the U.S. Constitution. Blacks Law Dictionary. Lastly, there is no pretense that Public Law 4-16 impairs any obligations based on a contract between the plaintiff and defendant Hyatt. This is a tort action not a contract one.

The real thrust of defendant's assault on Public Law 4-16 is the asserted violation of Article I, Section 5 of the

Constitution of the Commonwealth.  This provision provides:

>     No person shall be deprived of life,
> liberty or property without due process
> of law.

In essence, as the court perceives defendant's argument, Hyatt has a property right in the limitation of liability of $100,000 and to alter that to subject the defendant to a potential for unlimited liability while the lawsuit is pending deprives the defendant of the property right without due process of law.

The universal rule is that a statute is presumed to be constitutional and the party asserting that a statute is unconstitutional has the burden of establishing that the legislature acted in an arbitrary or irrational way and the act is invalid beyond reasonable doubt.  <u>Usery v Turner Elkhorn Mining Co.</u>, 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed. 2d 752 (1976); <u>Camacho v Civil Service Commission</u>, CTC 80-11, aff'd 666 F.2d 1257.

---

3
    Defendant also obliquely asserts a separation of powers violation by the enactment by the legislature of Public Law 4-16.  Citing <u>United States v Klein</u>, 80 US 519 (1871).  Defendant argues that the "specter of a legislative attempt to control the outcome of a particular case" is raised. Neither <u>Klein</u> nor the "specter" raised, support the violation defendant asserts.  If the legislature can pass retroactive laws it is inevitable that litigation may be affected and many times it is the express intent of the legislature to do that.  <u>Friel v Cessna Aircraft Co.</u>, 751 F.2d 1037 (9 CA 1985). No separation of powers violation occurs.

In light of the above authorities which grant the legislature the authority to enact retroactive laws, scrutiny is required to explore the exact nature of the effect of Public Law 4-16 on defendant's status in this case.

In essence, to prevail the defendant must show the deprivation of a property right rising to constitutional levels.

Counsel have cited various authorities as to the different approaches the courts have addressed the problem. Usually, the decision revolves around the determination of whether the retroactive application of a law will impair or divest one of a "vested" right. Yet, Sutherland, Statutory Construction (4th Ed.) at § 41.05 indicates it boils down to a question of fairness or unfairness and the determination of what right or rights are "vested."

Various factors are considered including the expectations and reliance of the complaining party upon the statute in existence at the time of the event creating the cause of action. If that were the sole criteria to be used here, the defendant clearly could not prevail. No one commits a negligent act such as the one alleged here relying upon a statute to limit liability for the act. Of course, once the suit is filed for damages exceeding the statutory limits, the defendant may rely on the statute and, as in this case, move to limit the potential recovery.

So, can the legislature change the rules of the game, so to speak, in mid-litigation stream and impose potential greater liability on the defendant?  Did a constitutionally protected property right attach at the time the deceased, Katherine Lynne Flowers, drowned in the defendant's swimming pool?  The court concludes that the legislature had the authority to amend the statute and that no constitutionally protected property right of Hyatt attached.

As already determined, the wrongful death statute is not a common law right but strictly statutory in nature.  It could be improperly simplified to just conclude that whatever the legislature grants, it can take away.  But, of course, it is not that simple.

However, it can be generally stated that rights of action which are wholely derived from a statute, and which are still inchoate and not reduced or perfected by final judgment are lost by the repeal of the statute from which they stem.

> Sutherland, Statutory Construction, supra § 23.35, 23.33, notes 6 and 7.

In Krause v Rarity, supra, the statute altered the degree of negligence required to establish a wrongful death claim.  The Supreme Court of California recited the rule that a statute will not be given retrospective effect unless

108

there is legislative intent to do so clearly expressed and if it is not so expressed, it will not affect pending suits. The court went on to hold that an action for death depending solely on a statute is not a vested right protected by the California or Federal Constitutions unless the claim for wrongful death is reduced to final judgment.

.Coombes v Franklin, supra, stated:

> "It is a rule of almost universal application that where a right is created solely by a statute, and is dependent upon the statute alone, and such right is still inchoate and not reduced to possession or perfected by final judgment, the repeal of the statute destroys the remedy, unless the repealing statute contains a savings clause.

The defendant relies on several cases but particularly Costa v Lair, 363 A.2d 1313 (Pa. 1976) and State ex rel. Briggs & Stratton Cor. v Noll,. 302 N.W. 2d 487 (Wis. 1981). Costa dealt with a statute authorizing a contributory negligence defense in tort actions. The Pennsylvania court held that the statute would not be applied in any case in which the cause of action arose prior to the enactment of the statute. However, the court restated the general rule against retrospective application and noted specifically that the Pennsylvania statute did not express an intention to apply to causes of action arising prior to its passage. 363 A.2d at 1314.

The Briggs & Stratton case dealt with a worker's compensation statute which increased benefits. A portion of

the law was declared unconstitutional because it attempted to apply retroactively to certain obligations of employers previously set by law. The gist of the Court's reasoning was that employers had assumed certain obligations to pay certain employee benefits under the previous statute. To comply, the employers would procure insurance or provide other means to pay the benefits. If the new statute were to apply retroactively, the employers' obligations would be changed. Although the legislature did <u>not</u> expressly state the statute would be applied retroactively, the Wisconsin Court concluded that it did intend to do so. Since, the Court held, the obligation of the employer to pay certain definite benefits was a substantive vested right, retroactive application was unconstitutional.

Although the <u>Briggs & Stratton</u> case is the closest defendant can cite to the facts of this case, the differences are clear.

First, there is a legislative mandate in the case at bar to apply the statute to pending cases. But assuming under <u>Briggs & Stratton</u>, that this matter makes no difference, that case dealt with a specific and definite monetary obligation of the employer. One which the employer, employee and insurance companies all relied upon. The opinion implies, if not expresses, the conclusion that an impairment of obligation of contract occurred - an event which gives rise to specific constitutional prohibitions.

But, such is not the case here. The statute establishing the limits of recovery in wrongful death actions is not akin to an obligation under a contract. There is no expectation or reliance on the statute and no adjustment of business affairs are based on the statute. Indeed, as of this time, the potential effect is the only possible detriment defendant may suffer should a jury award more than the prior statutory limit. In the terms as used in Krause and Coombes, supra, any right of Hyatt is truly inchoate.

The defendant lastly argues the specter of the legislature continually changing the rules of the game in the middle of a lawsuit. There are several answers to this "threat."

First, as far as the court can determine this is, so far, an isolated event. Second, the change in the statutory limits for wrongful death was considered for many months in several different forms before the legislature enacted it. Third, there remains several protections for litigants effected by legislation. Unless the legislature specifically intends to apply the statute retroactively, the general, if not universal rule, will be applied and only prospective application will attach. Additionally, the constitution protects the impairment of contracts. And, lastly, should the litigant be able to show that a substantive vested right is taken away or altered, the courts will protect that litigant.

111

In this case, it is concluded that since the legislature expressly intended Public Law 4-16 to apply retroactively and the resulting retroactive application does not affect a constitutionally protected substantive vested right of the defendant but only an inchoate one not reduced to judgment, the statute is constitutional.

IT IS ORDERED that the prayer of the complaint of the plaintiff be reinstated to the sums originally requested for relief, there being no $100,000 statutory limit applicable to this wrongful death claim.

Dated this 18th day of March, 1985.

_____
Robert A. Hefner, Chief Judge